ANSTED SPRING AND AXLE COMPANY *v.* AYRES.

[No. 10,249. Filed January 8, 1919.]

MASTER AND SERVANT.—*Workmen's Compensation.—Review of Findings.*—In a proceeding under the Workmen's Compensation Act, where the evidence as to the manner of the applicant's injury was such as to permit a reasonable difference of opinion on the question whether the injury arose out of and in the course of the employment, the findings of the Industrial Board are conclusive on appeal, since it is the exclusive province of the board to weigh the evidence and to determine such question, in the first instance.

Appeal from the Industrial Board.

Proceeding by Omer Ayres for compensation, under the Workmen's Compensation Act, against the Ansted Spring and Axle Company, employer. From an award in the applicant's favor, the employer appeals. *Affirmed.*

*Taylor, White & Wright* and *Joseph W. Hutchinson,* for appellant.

*E. Ralph Himelick, H. L. Frost* and *George W. Goble,* for appellee.

DAUSMAN, C. J.—The controversy involved in this appeal was before this court in the form of a certified question. *In re Ayres* (1918), 66 Ind. App. 458, 118 N. E. 386. After receiving the opinion of the court in response to the question then submitted, the Industrial Board made a finding of facts and awarded compensation to the injured employe.

Appellant's only contention is that the workman's injury did not arise out of the employment.

The facts found are substantially the same as the facts submitted with the certified question and we need not repeat them here. However, for the purpose of explaining the workman's conduct, we deem it advisable to state that the undisputed evidence discloses the following additional facts: The tank containing the boiling acid was in a room through which the employes had to pass "to go outside" the factory. Appellee went through that room frequently each day. Appellee and a fellow workman, who was with him, on raising the lid and looking into the tank, were of the opinion that it contained boiling water. This liquid, which they supposed to be water, appeared to be dirty and unfit for washing. Thereupon appellee procured a bucketful of clean, cold water and lowered it into the tank to warm it.

The tank of acid constituted an insidious danger and a potential peril to which employes in that institution were in some degree exposed. The injury sustained by appellee had its origin in conditions of such a nature as would prompt one to conclude, as of first impression, that it arose out of the employment.

As against that conclusion it may be said with much force that the workman stepped so far outside the established custom as to exceed the bounds of reason; and that by his own rash conduct he transformed a latent into an active peril, thereby creating the hazard which resulted in his injury.

It is the exclusive province of the Industrial Board to consider and weigh the evidence and determine, in the first instance, whether the injury arose out of and in the course of the employment. In the case at bar we are bound to recognize the fact that men may reasonably differ as to which answer should be made to that question. In other words, either an affirmative or a negative answer would be a legitimate conclusion from the evidence. Under such circumstance it is our plain duty to uphold the conclusion reached by the board.

The award is affirmed; and by virtue of the statute the amount thereof is increased five per cent.