NATIONAL POWER CONSTRUCTION COMPANY ET AL. *v.* ROULEAU.

[No. 11,928.   Filed June 25, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.— Liberally Construed.*—The Workmen's Compensation Act is to be liberally construed in order to effectuate the legislative intent.   p. 587.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Meaning of Term "Next of Kin".*—*May Include Widow.*—Ordinarily, the words "next of kin" do not include a widow, as they mean blood relation, but where circumstances are such as to indicate the intention that a widow should be included in the term, it will be so construed, the technical meaning yielding to the apparent legislative intention.  p. 592.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Widow of Workman Entitled to Compensation as "Next of Kin".*—*Statute.*—The wife of an injured workman who is living with him at the time of his death is conclusively presumed to be dependent on him when he dies from causes other than the injury for which he was entitled to compensation the same as she is when he dies as a result of the injury, the term "next of kin" in §36 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020t1 Burns' Supp. 1921) being construed to include a widow of an injured workman.  p. 593.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Catherine Rouleau for the death of Lee Rouleau, her husband, against the National Power Construction Company, employer, and the Travelers' Insurance Company, insurer. From an award for claimant, the defendants appeal. *Affirmed.*

*Turner, Adams, Merrell & Locke* and *Paul E. Beam,* for appellants.

*Adolph F. Decker* and *Cronk & Wilde,* for appellee.

McMAHAN, J.—This is an appeal from an award of the Industrial Board. The facts as found by the board are in substance that Lee Rouleau, while in the employ of appellant, received a personal injury by an accident arising out of and in the course of his employment with the result that he lost the vision of one eye and about six months later he died from a cause other than said injury; that at the time of his death, he was entitled to an award against appellant for 150 weeks compensation at the rate of $13.20 per week; that no award had

been made in his favor on account of said injury and no compensation had been paid to him on that account; that appellee is his surviving wife, and was living with him at the time of his injury and death and is the only person who was dependent upon him for support at the time of the injury or at the time of his death.

Appellant contends that the award is contrary to law because: (1) the facts found are not sufficient to sustain the award; and (2) the evidence is not sufficient to sustain the finding.

Section 36 of the Workmen's Compensation Act, §8020t1 Burns' Supp. 1921, Acts 1915 p. 392, provides that when an employee receives or is entitled to compensation under that act for an injury and "dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to next of kin dependent upon him for support."

Appellant insists that the term "next of kin" does not include a widow. In considering this question, we must not forget that one of the important objects of

**1.** the Workmen's Compensation Act was to secure to the injured employee or, in case of his death, to his dependents, compensation under a schedule fixed by the act, and that the act is to be liberally construed in order to effectuate the legislative intent. *In re Duncan* (1920), 73 Ind. App. 270; *McDowell* v. *Duer* (1922), 78 Ind. App. 440.

Section 5 of the act requires the employer to "insure the payment of compensation to his employees and their dependents." Section 6 excludes all common-law rights of the employee, his representatives and dependents or next of kin. Section 13 gives the injured employee, or in case of his death, his dependents, certain optional rights where the injury or death is caused by the neg-

ligence of a third. party. Section 22 requires the injured employee or his dependents in case of death to give notice of the injury or death, if the employer does not have knowledge of the injury or death. Section 31 provides for the payment of compensation to an injured employee for the injuries therein named.

After making provisions for compensation to the injured employee, the legislature, having in mind that such employee might die leaving dependents, made provisions for the payment of compensation or death benefits to those who were dependent upon him for support. This it did in §§36, 37 and 38 (Workmen's Compensation Act, supra). As heretofore stated §36 provides in case the employee dies from a cause other than the injury, for payment of the unpaid balance of compensation to the next of kin dependent upon the employee for support. Under §37, if death results from the injury within three hundred weeks, the remaining part of the three hundred weeks compensation as shall not have been paid to the deceased employee shall be paid in equal shares to all of his dependents who are wholly dependent upon him for support at the time of his death. If he leaves dependents only partially dependent upon him for support, the compensation to be paid to such partial dependents is to be in the same proportion to the weekly compensation for persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to the average weekly wage at the time of the injury.

The question for our determination is whether it was the intention of the legislature in the enactment of the Workmen's Compensation Act to include the widow of a deceased employee in the expression next of kin as used in said §36. Appellant cites *Pittsburgh, etc., R. Co.* v. *Reed* (1909), 44 Ind. App. 635; *Western Union Tel. Co.* v. *McGill* (1893), 57 Fed. 699, 6 C. C. A. 521,

21 L. R. A. 818; *In re Devoe* (1902), 171 N. Y. 281, 63 N. E. 1102, 57 L. R. A. 536, and other cases in support of its contention that "next of kin" does not include a widow.

In *Pittsburgh, etc., R. Co.* v. *Reed, supra,* the court had under consideration §285 Burns 1914, Acts 1899 p. 405, which gives a right of action to the personal representative for death caused by the wrongful act or omission of another, and provides that the damages shall "inure to the exclusive benefit of the widow or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." The holding in that case was to the effect that the statute created two classes of beneficiaries—one class consisting of the widow or widower and children—and the other class consisting of other persons who are next of kin to the decedent. Under that statute neither widow, widower nor children would come under the expression "next of kin." We fail to see how this case gives any support to appellant's contention.

In *Western Union Tel. Co.* v. *McGill, supra,* the court had under consideration a Kansas statute which provides that damages in an action for death must inure to the benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. It is true that the court there held that a husband was not of the next of kin of his wife so as to be entitled to share with next of kin who were given an interest in the damages recovered for her wrongful death, and also that the word "widow" as there used could not be construed to include or to mean "widower." But the same court in *Joplin, etc., R. Co.* v. *Payne* (1912), 194 Fed. 387, 114 C. C. A. 305, following *Atchison, etc., R. Co.* v. *Townsend* (1905), 71 Kans. 524, 81 Pac. 205, 6 Ann. Cas. 191,

held that the term "next of kin," as used in the Kansas statute included a surviving husband.

In the Devoe case, the court was construing a will which provided that if any beneficiary named therein should die, the legacy should be paid to their "next of kin", according to the statute of distribution, as their personal property would be divided and distributed. It was there conceded that, in its primary meaning the term "next of kin" did not include a widow or a surviving husband. The case was decided on authority of prior cases rather than on reason, the judge writing the opinion saying if the contention that the widow was to be included in the term "next of kin" were an original proposition, it might command his assent.

The same court in *Betsinger* v. *Chapman* (1882), 88 N. Y. 487, held the words "next of kin", in a statute authorizing "the next of kin entitled to share in the distribution of the estate" of a deceased person included the widow. The court, after stating that the words "next of kin", in a primary sense, do not include a widow, and citing several cases in support of that statement said: "These cases construed the words 'next of kin' according to their strict legal definition, there being nothing in the context showing that the testator intended to use them in a larger sense so as to include the widow. But in the construction of wills, statutes or other written instruments, the intention is the controlling consideration, and words of description will be held to include subjects to which they are not strictly applicable, if it appears from the context, or other circumstances which may be legitimately referred to, that such inclusion was intended, and this was conceded in the cases cited. * * * Prior to the Revised Statutes, the husband in popular, though inaccurate speech, was said to be next of kin to his wife, and conversely the wife, next of kin to the husband." And in *Schuyler*

v. *Hoyle* (1821), 5 Johns. Ch. (N. Y.) 196, chancellor Kent says, that the wife's choses in action vest in the husband, by the statute of distribution, as "her next of kin."

This court, in *L. T. Dickason Coal Co.* v. *Liddil* (1911), 49 Ind. App. 40, at page 46 said: "In this State there is no distinction between heirs at law and next of kin." And continuing on page 49 the court said: "The phrase 'next of kin' includes such persons as are entitled to inherit the personal property of the deceased person, *Warren* v. *Engelhart* (1882), 13 Nebr. 283. Under the statutes of our State the mother of an illegitimate child and her descendants and collateral kindred are entitled to inherit the personal property of such deceased child, and are therefore its next of kin. We recognize the rule that a statute in derogation of the common law must be strictly construed, and we regard §285, *supra*, as such a statute, but we do not think that a strict construction of this section will prevent the mother of an illegitimate child from being considered its next of kin within the meaning of this act."

And in *Tillman* v. *Davis* (1884), 95 N. Y. 17, 47 Am. Rep. 1, it is said: "The words 'heirs' 'next of kin' may be so used in association with other language, and under such circumstances as to show an intention to include others than blood relatives. But in the absence of any thing showing a different intention they must be held to mean what they primarily import, relatives in blood. In this State they have not by legal usage, or general custom, come to mean any thing else; and there is nothing in this will, and there were no circumstances connected with the testatrix or her estate to indicate that she intended by the word heirs a broader significa- tion."

Section 38 of the Workmen's Compensation Act pro- vides that certain persons, including a wife who is liv-

ing with her husband at the time of his death, shall be conclusively presumed to be wholly dependent upon the deceased employee. In all cases where total dependency is not conclusively presumed, total dependency is to be determined in accordance with the facts at the time of death, and the question of partial dependency is to be determined in like manner as of the date of the injury.

The words "next of kin" do not legally include a widow. They mean, blood relation. But, where the circumstances are such as to indicate the belief that it was the intention that the widow should be included in the term, it will be so construed. *Murdock* v. *Ward* (1876), 67 N. Y. 387; *Platt* v. *Mickle* (1893), 137 N. Y. 106, 32 N. E. 1070; *Haraden* v. *Larrabee* (1873), 113 Mass. 430; *Godfrey* v. *Epple* (1919), 100 Ohio 447, 126 N. E. 886. The technical meaning of the expression must yield to the apparent legislative intention. *Hoke* v. *Jackson* (1914), 182 Ind. 536, 543.

**2.**

We are impressed with the idea that it was the intention of the legislature that a wife living with her husband at the time of his injury, as was appellee, was to be conclusively presumed to be wholly dependent upon her husband for support in all cases where the husband if living would have been entitled to compensation; that no distinction is to be made between the wife of an injured employee who dies from the injury and the wife of an injured employee who dies from a cause other than the injury and that it was not the intention to allow a widow compensation under §37 and to disallow her compensation under §36. The statute is anomalous in that the widow of an employee who dies from causes other than the injury may receive compensation for a longer period of time than she would if her husband had died as a result of the injury. It was this provision of the statute that we had in mind

in *Wenning* v. *Turk* (1921), 78 Ind. App. 355, when we said the situation presented by the two sections was a matter for legislative enactment rather than judicial determination.

Considering the act in its entirety, we hold that a wife living with her husband at the time of his death is conclusively presumed to be dependent in cases where he dies from causes other than the injury for which he was entitled to compensation the same as she is when he dies as a result of the injury. This is in harmony with the legislative use of the expression, "dependents or next of kin" in §6 where dependents and next of kin are used as co-ordinate terms.

The award is affirmed.