## NATIONAL BISCUIT COMPANY *v.* ROTH.

[No. 11,999. Filed January 30, 1925. Rehearing denied April 23, 1925.]

1. MASTER AND SERVANT.—*Industrial Board's conclusions on evidential facts will not be disturbed on appeal.*—On appeal from the Industrial Board, a legitimate conclusion of the board from the evidential facts will not be disturbed even though the Appellate Court would prefer another conclusion equally legitimate. p. 25.

2. MASTER AND SERVANT.—*The words "arising out of and in the course of the employment" in the Workmen's Compensation act must be liberally construed.*—The words "arising out of and in the course of the employment" in the Workmen's Compensation Act must be liberally construed to give effect to the spirit and purpose of the law. p. 25.

3. MASTER AND SERVANT.—*Acts of workmen which are necessary to their convenience and comfort are incidental to the service, and arise out of the employment.*—Such acts as are

necessary to the convenience and comfort of workmen, although not technically acts of service, are incidental to the service, and an accident occurring in the performance of such an act is deemed to have arisen out of the employment.    p. 25.

4.    MASTER AND SERVANT.—*Injury to employee of bakeshop received by fall from window during rest period arose out of his employment.*—Injury of employee in the bakeshop of a bakery by a fall from a window thereof, to which he had gone for relief from the heat, during a rest period, as expected by his employer, arose out of and in the course of the employment within the meaning of the Workmen's Compensation Act. p. 25.

5.    MASTER AND SERVANT.—*Employee doing what he might reasonably be expected to do not outside scope of employment.*—An injured employee will not be deemed to have abandoned the employment, or withdrawn himself from the scope thereof at the time of an injury, if he was then doing what he might reasonably do or reasonably be expected to do or what might have been anticipated by a reasonable person familiar with all the conditions and circumstances of the working place and the nature of the work.    p. 26.

6.    MASTER AND SERVANT.—*Tendencies of youth considered in determining whether a youthful employee of bake-room was within scope of his employment while sitting in open window during rest period.*—The tendencies of youth and the fact that boys are not as cautious as persons of mature years are matters that the Industrial Board may take into consideration in determining whether a boy employed in a bakeshop was without the scope of his employment while sitting in an open window of the room, during a rest period, that he might get relief from the intense heat.    p. 27.

7.    MASTER AND SERVANT.—*Burden on employer to prove employee forfeited compensation by willful failure or refusal to obey posted rule.*—The burden of proving averments of a special answer filed before the Industrial Board alleging that injured employee had forfeited his right to compensation under the Workmen's Compensation Act by a willful failure or refusal to obey a written or printed rule, posted in a conspicuous place, is on the employer.    p. 28.

8.    MASTER AND SERVANT.—*Industrial Board's failure to make a finding on specific point involved equivalent to finding against party having burden of proof.*—Industrial Board's failure to make a finding on a point as to which the employer has the burden of proof is equivalent to a finding against the employer. p. 28.

9.    MASTER AND SERVANT.—*Award of compensation for 500 weeks for total disability not excessive.*—An award of compensation

for 500 weeks to employee whom Industrial Board found to be totally disabled for work was not excessive, but subject to modification whenever he sufficiently recovers to engage in remunerative employment.    p. 28.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Lester Roth against the National Biscuit Company. From an award for claimant, the defendant appeals. *Affirmed.* By the court in banc.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Perry E. O'Neal,* for appellant.

*Montgomery & Montgomery,* for appellee.

Lester Roth filed an application in the usual form for compensation for personal injuries sustained while in the service of the National Biscuit Company. The employer filed an answer in which it alleged that the injury for which the employee claims compensation was due to his wilful misconduct in this, to wit:

"That he wilfully failed and refused to obey a reasonable written rule of the employer posted in a conspicuous place forbidding him to sit in the window from which he fell, and wilfully failed and refused to obey instructions not to sit in said window; and deliberately exposed himself to the hazard of falling from said window."

The Industrial Board found that on April 30, 1923, Lester Roth received an injury by an accident arising out of and in the course of his employment; and that as a result of the injury, he has been totally disabled for work. No finding was made on the issue tendered by the answer. Compensation was awarded for a period not to exceed 500 weeks.

The appellant contends: (1) That the evidence does not sustain the finding, and (2) that the finding does not sustain the award—the award being excessive.

The undisputed evidence establishes the following facts:

"The employer was in the business of baking bread. The ovens were on the third floor of a building in Indianapolis. Lester Roth and three other 'boys' were employed to dump and rack the bread. There were several windows in the bake-room, the bottoms of which were about three feet above the floor. Between 'oven runs' there were rest periods of about ten minutes each. It was hot in the bakery and, at these rest periods, the 'boys' went habitually to the windows to get the air and to cool themselves; and they often sat in the windows. Lester commenced work each day at 2:30 p. m. and quit at 11:30 p. m. On the occasion of the accident, he and another boy were at the window. Lester sat in the window, with one leg drawn under him and the other hanging downward. When he attempted to get out the window, he lost his balance, fell outside, and landed feet first on a platform about forty feet below. His feet were severely injured. The employer reported the accident to the Industrial Board as one that arose out of and in the course of the employment. The employer also furnished medical assistance to the injured employee."

In addition to the foregoing facts, the testimony relating to the special answer establishes without conflict the following:

"During the time Lester was employed, the foreman of the plant posted three typewritten notices forbidding the boys to sit in the windows. There was one other notice 'in writing.' No notice was posted at the window from which Lester fell. The notices did not remain up very long. They were torn down. No one knows who tore them down. The employer knew that the boys were in the habit of sitting in the windows. Ordinary fly screens were placed at the windows, but they were

soon broken. Heavier screens could not be used because the windows served as exists to the fire escapes, and on account of the terms of the insurance. There were no notices posted and no screens at the windows at the time of the accident. The foreman, the superintendent, nor the manager of the plant was able to say that Lester ever saw any of the notices or that he ever knew of any rule against sitting in the windows. Lester was employed there about six weeks. The employer knew that whatever rule existed against sitting in the windows was not being enforced."

DAUSMAN, C. J. (after stating the facts as above). The fact must not be overlooked that the legislature has confided the administration of the compensation law primarily to the Industrial Board. On appeal to this court, two ultimate questions may be presented for determination, viz.: (1) Does the evidence sustain the finding? and (2) does the finding sustain the award? It is the province of the Industrial Board to determine, in the first instance, the ultimate facts of the case. If, in determining an ultimate fact, the Industrial Board reaches a legitimate conclusion upon the evidential facts, we must not disturb that conclusion even though we might prefer another conclusion which is equally legitimate.

The words "arising out of and in the course of the employment" must be liberally construed to give effect to the spirit and purpose of the compensation law. That proposition has been so often stated that it is unnecessary to cite any authority to sustain it.

We have no difficulty whatever in reaching the conclusion that in the case at bar the employee did not take himself beyond the protection of the law by going to the window for relief from the heat and to promote his health and comfort by getting fresh

air.   That was allowable under the working regulations of the plant.   Indeed, the employer expected the boys to go to the windows during their rest periods.   In view of the conditions which prevailed at their working place, it is a fair inference that their periodical visits at the windows not only promoted their health and comfort but also promoted their efficiency.   Such acts as are necessary to the comfort and convenience of workmen, although not technically acts of service, are incidental to the service; and an accident occurring in the performance of such an act is deemed to have arisen out of the employment.   *Hollant, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330.   See, also, cases collected in Artman's Manual, p. 55.

The difficulty arises when we come to determine what ought to be the effect of the employee's conduct in sitting in the window.   Did the fact that he sat in the window amount to an abandonment of the service?   On this point there is no specific rule of evidence to guide us.   In the nature of things, there can be no such rule.   The only rule available on this feature is the general rule of reasonableness.   Under that general rule, reasonable minds may reach opposite conclusions on a given state of facts.   It is also true that prior decisions involving the principle now under consideration are not precedents although they may be persuasive.   (For illustrative cases see L. R. A. 1916A p. 236 *et seq*).   It follows that as a matter of necessity, each case must stand on its own peculiar facts.   *Indian Creek Coal, etc., Co.* v. *Wehr* (1920), 74 Ind. App. 141, 127 N. E. 202.   However, the following general statement may be somewhat helpful:   An employee will not be deemed to have abandoned the employment or to have withdrawn himself from the scope of the employment if, at the time of the injury, he was doing what he might reasonably do or what he might reason-

ably have been expected to do. (*Marion, etc., Iron Works* v. *Ford* [1924], 82 Ind. App. 152, 144 N. E. 553) ; or if he was doing what might have been anticipated by a reasonable person familiar with all the circumstances and conditions of the working place and the nature of the work (*Union Sanitary Mfg. Co.* v. *Davis* [1917], 64 Ind. App. 227). As illustrative of the liberality of the courts in this regard, see *Ansted Spring, etc., Co.* v. *Ayres* (1919), 69 Ind. App. 160, 121 N. E. 446; *Granite Sand, etc., Co.* v. *Willoughby* (1919), 70 Ind. App. 112, 123 N. E. 194; *Nordyke, etc., Co.* v. *Swift* (1919), 71 Ind. App. 176, 123 N. E. 449; *In re Von Ette* (1915), 223 Mass. 56, 111 N. E. 696, L. R. A. 1916D 641.

In the case at bar, the Industrial Board had the right to take into consideration the tendencies of youth; for that subject constitutes a part of our stock of common knowledge. No chair, stool, bench or other convenience was provided on which the boys could sit during their rest periods at or near the window. We know that boys are not as cautious as persons of mature years. It is only natural, then, to expect that Lester Roth would seat himself on the windowsill for greater comfort than he could derive from standing on the floor. The Industrial Board must have been of the opinion that, by so doing, he did not take himself without the scope of his employment, but that while seated in the window awaiting the expiration of his allotted rest period, he was in the line of duty and in the service of his employer. In the light of the evidence, we cannot say that the board has drawn a conclusion which no reasonable man could legitimately draw; and therefore we cannot set aside the board's finding that the injury arose out of and in the course of the employment.

The second question to be determined is whether the employee forfeited compensation by a "wilful failure

or refusal to obey a reasonable written or printed rule of the employer which has been posted .in a conspicuous place." §8 Compensation Law, Acts 1919 p. 158, §9453 Burns 1926, §8020r Burns' Supp. 1921. The burden of proving the averments of its special answer was upon the employer. The failure on the part of the Industrial Board to make a finding on that point is equivalent to a finding against the employer. There is no evidence whatever which could have justified the Industrial Board in finding that the employee was guilty of any wilful misconduct within the meaning of the law. (See cases collected in Artman's Manual at page 93 *et seq.*).

The award is not contrary to law on the ground that it is excessive. The Industrial Board properly found that the employee was totally disabled for work. Whenever he sufficiently recovers to enable him to engage in some remunerative employment, the award may be modified on account of his changed condition.

The award is affirmed.

Nichols, J., dissents.

McMahan, J., not participating.