DIETRICH ET AL. *v.* SMITH.

[No. 14,308. Filed June 17, 1931. Rehearing denied October 16, 1931.]

*Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellants.

*James L. Bottorff,* for appellee.

WOOD, J.—This was an action before the Industrial Board of Indiana, instituted by the appellee, as the surviving widow and sole surviving dependent of Roscoe L. Smith, deceased, against the appellants Dietrich and Dietrich, for an award of compensation pursuant to the provisions of the Workmen's Compensation Act, for the accidental death of the said Roscoe L. Smith, while engaged in erecting a permanent awning upon the garage of appellants in the town of Henryville, Indiana.

From an award of compensation made by the full Industrial Board, appellants appealed to this court, assigning as error that the award of the full board is contrary to law.

The sole question presented for consideration is whether the decedent, Roscoe L. Smith, at the time of

receiving the injuries causing his death, sustained the relation, to the appellants, of an independent contractor or an employee.

While the evidence is, in some of its aspects, conflicting and of such a character that opposite conclusions might be reasonably drawn therefrom, there are some facts concerning which there is no dispute. From the record it is disclosed that appellants were the owners of a building in the town of Henryville, in which they conducted a service station and garage business. For the convenience of their patrons, and the better to protect their gasoline pumps and building, they determined to erect a permanent awning on the front thereof.

Decedent resided in the same town with appellants, and was their close personal friend. His principal occupation was that of head sawyer in his father's saw mill. He was also a carpenter and mechanic, a "jack of all trades," did odd jobs about the neighborhood, when not engaged in the saw mill. He never had been engaged in business as a contractor for the erection of awnings. Appellants made known to him their desire to have an awning erected, whereupon, he informed them that he could build it, if they were not in a hurry. In the meantime, they purchased the necessary material for the braces, decedent measured material, instructed the appellants how to cut it, where to bore the holes and how to bolt the pieces together. This work was all done by appellants in their garage. On August 19, 1928, decedent informed appellants he would commence work on the awning upon August 20, 1928, that he would need a man to help him, and sent word to a young man in the neighborhood, by one of the appellants, to assist him. Decedent and the man who was to help him commenced the work of erecting the braces for the awning, pursuant to arrangement with appellants. Decedent had his own tools, ladder, ropes, block and tackle. Ap-

pellants suggested that the braces be raised into position by means of ropes from the top of the building. Decedent did not follow their suggestion, but adopted a plan of his own. He directed the man helping him what to do. Decedent never submitted any estimate of the cost of the awning, the value of the work or probable time required to make the improvement. There was no agreement entered into with reference to the charges to be made for the work or the method of arriving at their value. Appellants had confidence in decedent and knew that he would be fair. It was worth from 40 to 45 cents per hour for services of the kind rendered by decedent. The man assisting in the work had never been paid for his services, and he did not know who was to pay him.

The remainder of the evidence, from which, in connection with the facts above set out, most, if not all, of the ultimate facts are to be found, and which ultimate facts must be submitted to the various tests recognized by the courts, for the purpose of determining what the relation was between appellants and appellee, is conflicting, so that the evidence, as a whole, is of such a character that it would support different conclusions, any one of which would be reasonable.

It was undoubtedly the humane purposes which were sought to be incorporated into our law, and the correction of some evils then existing, that prompted the Legislature to enact the "Workmen's Compensation Act." So the courts have held that such laws should be liberally construed, in order that the purpose of their enactment should not be thwarted, "even to the inclusion of cases within the reason, although outside the letter, of the statute." *In re Duncan* (1920), 73 Ind. App. 270, 127 N. E. 289. Furthermore: "This court is committed to the proposition that in construing the legislative definition of 'employe' a

measure of liberality should be indulged to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan." *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Columbia School Supply Co.* v. *Lewis* (1916), 63 Ind. App. 386, 115 N. E. 103; *Calumet, etc., Machine Co.* v. *Mroz* (1922), 79 Ind. App. 305, 137 N. E. 627; *National Power, etc., Co.* v. *Rouleau* (1924), 81 Ind. App. 585, 144 N. E. 557; *Dowery* v. *State* (1925), 84 Ind. App. 37, 149 N. E. 922; *Fey* v. *Bobrink* (1926), 84 Ind. App. 559, 151 N. E. 705.

This court has also held that it is within the province of the Industrial Board to determine the ultimate facts in a case, and that if, in determining such facts, the board reaches a conclusion upon evidentiary facts, the Appellate Court will not disturb such conclusion though it might prefer another conclusion equally legitimate. *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

We cannot say, after a careful examination of the evidence, that the finding of the Industrial Board is wholly unsupported in any of its essential elements by competent evidence. Such being the case, its finding is conclusive and binding upon this court. *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *Lazarus* v. *Scherer, supra.*

Finding no error, the judgment is affirmed.

### ON PETITION FOR REHEARING.

WOOD, J.—Appellants have filed a petition for a rehearing in this case. We will take up the contentions of counsel in their inverse order. First, as to the statement in the opinion that the assistant of Smith "did not know who was to pay him." A

careful examination of the record does not disclose that this language was used by any of the witnesses. The assistant was called as a witness by the appellee. He testified that both Smith and one of the appellants had notified him to report for work on August 20, 1928. He had never been paid for his work while assisting Smith. On cross-examination by appellant's attorney, he testified as follows: Ques. "You considered Mr. Smith your employer." Ans. "Yes." This statement, of course, was a mere conclusion of the witness. There is other evidence in the record regarding the employment of the assistant, but, as heretofore stated, we do not find the exact words quoted used. But whether the assistant was an employee of Smith or appellants, while a circumstance to be considered, is not controlling in this case. *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839.

Second, that the evidence is not conflicting, and that the cases of *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559, and *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640, are analogous to the instant case and must control its final determination. With this contention we cannot agree. In the case at bar, there is no evidence that Smith was ever engaged in any kind of business or trade as a contractor, or that he had ever been engaged in or made a specialty of contracting, independently, for the erection of awnings. The appellants had never before engaged or employed him in that capacity. He was head sawyer in a saw mill, he did carpenter work and mechanical work, he did odd jobs. "He was a jack of all trades." Baldwin was a professional steeple-jack, was engaged as an independent contractor in that business, he understood that he was, completed the job he had contracted to do and settled on the basis of an independent contractor. He testified as a

witness in his own behalf that he "understood" that he "had the entire job" and that he "could get no pay" until the job was completed. He employed an assistant unknown to the appellants and without their knowledge. After the injury, Baldwin employed another steeple-jack to complete the job, paid him himself, and divided the profits of the job equally with his assistant. McGregor was a painter, and had been engaged for some time in painting houses at the agreed price of $100. For five-room houses, he was paid $123. For painting a six-room house, he had the same arrangement on the six-room houses that he had on the five-room houses. He made settlement on that basis. In arriving at the amount to charge for a job, McGregor estimated his labor at 75 or 80 cents per hour. He hired his brother to assist him and paid him only 50 cents per hour. He made settlement for his work on the basis of an independent contractor. Here, the appellants, after talking with Smith, and obtaining such material as was necessary to make the braces for the awning, on instructions from him how the same should be made, assembled the braces, doing a part of the work themselves, employing and paying the same man who was assisting Smith to do a part of the work the day he was killed. Here, appellants did make suggestions regarding the method of doing the work, no settlement was ever made for the services rendered by Smith. The evidence on the means of arriving at the amount to be paid, time of payment, method of settlement, control of the work, and right of either party to terminate the contract, is in such confusion and conflict that it is susceptible of supporting different conclusions. We cannot, under such circumstances, disturb the finding and award of the Industrial Board. *Nissen Transfer, etc., Co.* v. *Miller* (1920), 72 Ind. App. 261, 125 N. E. 652; *Board, etc.,* v. *Shertzer* (1920), 73

Ind. App. 589, 127 N. E. 843; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *McDowell* v. *Duer, supra.*

Petition for rehearing denied.