## W. H. MILLER & SON *v.* DRIVER.

[No. 15,972. Filed October 16, 1937.]

*James L. Murray,* for appellant.

*Ewing E. Wright,* and *Paul R. Schnaitter,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board granting appellee compensation on account of the death of her husband, Daily Driver.

All material facts were stipulated except the fact as to decedent's "average weekly wage." The Industrial Board having heard evidence on that question found that his "average weekly wage" was $24.00 and found the other facts necessary to substantiate the award. Appellant contends upon appeal under the assigned error that the award is contrary to law, that "the method adopted by the Industrial Board for determining the average weekly wage is not in accordance with the provisions of the Indiana Workmen's Compensation Act." (See section 40-1701 Burns R. S. 1933, §16449 Baldwin's 1934). Appellant does not indicate, and we are unable to ascertain from the record what method the Industrial Board followed, hence said question is not duly presented.

Appellant contends further that the finding of the Industrial Board as to the average weekly wage is not sustained by the evidence. We have read the evidence and find that there is sufficient evidence in the record to sustain said finding, if it be assumed that the Industrial Board followed either of the following methods of determining the average weekly wage provided by section 40-1701 Burns R. S. 1933, (§16449 Baldwin's) *supra,* to wit:

a. "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."

b. "Where by reason of the shortness of the time during which the employee has been in the employment of his employer or of the casual nature or terms of the employment, it is impracticable to

compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person in the same grade employed at the same work by the same employer, or if there is no person so employed, by a person in the same grade employed in that same class of employment in the same district."

In the absence of anything in the record which shows that the Industrial Board followed a method of determining the average weekly wage, which method was not applicable to the instant case, this court will presume that the Industrial Board followed a method which was applicable.

No reversible error having been shown the judgment is affirmed, and award is increased five per cent as provided by statute.