## J. P. O. SANDWICH SHOP, INC. *v.* PAPADOPOULOS.
[No. 16,118.  Filed March 29, 1938.]

*Davis & Eichhorn,* for appellant.

*Louis George,* for appellee.

DUDINE, P. J.—This is an appeal from an award of the Industrial Board awarding appellee compensation for injuries allegedly arising out of and in the course of his employment by appellant corporation.

Appellant assigns as its sole error on appeal that the award is contrary to law, and presents two questions, to wit, whether or not appellee was a "contractor," and whether or not the employment was "casual."

Both of said questions are questions of fact which the Industrial Board was authorized to determine, and did determine. If there is any substantial evidence in the record which supports the finding of the Industrial Board as to each of said questions, the finding is conclusive upon us.

"This court is committed to the proposition that in construing the legislative definition of 'employe' a measure of liberality should be indulged to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan." *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 447, 133 N. E. 839. Adopted in *Dietrich* v. *Smith* (1931), 93 Ind. App. 219, 176 N. E. 636. See list of additional authorities in *Dietrich* v. *Smith, supra.*

There is no material dispute in the evidence. It shows that appellant corporation was operating a restaurant in the city of Gary. Appellee was an experienced carpenter. Tom Demenagos, the president of appellant corporation, called appellee and told him he would like to have some booths built and installed in the restaurant, which booths were to be similar to booths which appellee had built and installed in the same restaurant for appellant about ten months before. Demenagos requested appellee to obtain from the Cabinet

Millwork Company, of Gary, an estimate of the cost of the lumber necessary for said additional booths. Appellee obtained such estimate, submitted it to Demenagos, and Demenagos told appellee, "Go start to work at $1.25 an hour." Appellee worked on said booths five days a week from December 7, 1935, to January 27, 1936. Demenagos paid him each Saturday at the rate of $1.25 per hour for the time reported by appellee. On January 27, 1936, appellee accidentally injured his hand while working on said booths. It is impairment resulting from that injury which is the basis of this proceeding.

The parties did not agree upon a definite amount which appellee was to receive for said work or upon a limit of hours which appellee could put in on the job at the agreed rate. No estimate of the amount of labor required for the job was asked by appellant or submitted by appellee. The job was completed by the Calumet Millwork Company.

Indulging in the "measure of liberality" referred to in *McDowell* v. *Duer, supra,* and *Dietrich* v. *Smith, supra,* we hold that the evidence sustains the finding of the Industrial Board that appellee was an employee.

"Before an employment may be said to be non-compensable on account of it being casual, two things must concur. The employment must be casual and not in the usual course of the trade, business, occupation or profession of the employer." *Barker, Receiver* v. *Eddy et al.* (1933), 97 Ind. App. 94, 98, 185 N. E. 878. See additional authorities listed in said opinion.

Demenagos testified that the booths which appellee was working on when he was injured were necessary in his business.

We hold that said employment was in the usual course of appellant's business (See *Olsen* v. *Canter*

[1931], 93 Ind. App. 150, 176 N. E. 27, wherein this court held that painting the store-room of a merchant is employment in the usual course of the merchant's business. Also see authorities cited in that case.)

No reversible error having been shown, the judgment is affirmed, and it is ordered that the award be increased 5% as provided by statute.

Curtis, J., not participating.