BATES MOTOR TRANSPORT LINES, INC. *v.* MAYER, ADMINISTRATOR.

[No. 27,017. Filed April 8, 1938.]

*Thomas H. Branaman* and *John M. Lewis*, for appellant.

*Lou A. Robertson* and *Noble Hayes*, for appellee.

TREMAIN, J.—This was an action filed by the appellee against the appellant corporation, together with several named individuals, as defendants, to recover damages for the wrongful death of appellee's decedent. Five paragraphs of complaint were filed. All were dismissed except the fourth. The issue was formed by an answer in general denial and an affirmative answer, which alleged facts intended to show that Martin H. Glade, one of the defendants who operated the truck at the time the injuries were sustained by appellee's decedent, was an independent contractor and wholly responsible for damages. Reply in general denial was filed to the affirmative answer. Before the case was finally submitted to the jury, it was dismissed as to all the individual defendants. The appellant remained as the sole defendant.

It is alleged in the complaint that the defendants were the joint owners of a line of motor trucks, trailers, and semi-trailers, and engaged in transporting goods for hire as a common carrier upon certain highways in the State of Indiana, one of which was United States and Indiana State Highway No. 31, over which they transported interstate shipments from Chicago, Illinois, to Louisville, Kentucky; that on August 12, 1932, the defendants operated a tractor together with a large steel semi-trailer of the Reo refrigerator type; that printed on the trailer were the words "Bates Motor Transport Lines, Inc., P. S. C. I.—1480-M"; that this truck was used by the defendants through their agents, servants,

and employees on said date in the transportation of a consignment of baseball bats from Louisville, Kentucky, to Chicago, Illinois, and was traveling northward on said road No. 31 about one and one-half miles south of Scottsburg in Scott County, Indiana, upon that side of said highway which was to the left of the operator, and west of the center traffic line, clearly visible by day or night; that, at the same time and place, appellee's decedent, together with his wife, son, and daughter, was traveling south in a Chevrolet coupe driven by decedent in a careful and prudent manner on the west side of said highway; that the servants and agents of the defendants carelessly and negligently operated said truck, as aforesaid, at the rate of 50 miles per hour, and drove the same upon and against said decedent and his family, whereby all were killed except the son, Charles Ross, the sole surviving dependent of the decedent Hugh S. Ross.

The cause was submitted to the jury for a trial, and a verdict was returned in plaintiff's favor in the sum of $6,000, upon which judgment was rendered. A motion for a new trial was filed and overruled.

Proper exceptions were taken to the rulings of the court, and this appeal was perfected. The appellant assigned as error the ruling of the court in permitting the witness Martin H. Glade, testifying in behalf of the plaintiff, in a deposition taken in Chicago, Illinois, and not cross-examined by appellant, to answer the following question on direct examination:

Q. "At the time of that accident you may tell the court in whose employ you were."
A. "I was employed by the Bates Transportation Company, or whatever you call it."

The objection was based upon the ground that the answer of the witness was a mere conclusion; that it was improper to permit him to state that he was "em-

ployed." Appellant relies in this court upon *The Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376, 24 N. E. 747; *Wright* v. *Bertiaux* (1903), 161 Ind. 124, 66 N. E. 900; *Blair-Baker Horse Co.* v. *First National Bank* (1905), 164 Ind. 77, 72 N. E. 1027; *Dietrich* v. *Smith* (1931), 93 Ind. App. 219, 176 N. E. 636, 177 N. E. 901.

Both the appellant and the appellee introduced evidence to show the relationship existing between Glade and appellant. Glade testified, in connection with his statement: That he was employed by appellant; that he owned the truck subject to the rights of a mortgagee; that he did not hold a permit from the Public Service Commission of Indiana to operate the truck as a common carrier in interstate transportation; that such permit was held by the appellant; that its name was painted upon the side of the trailer, together with the following: "P. S. C. I.—1480-M," which the evidence disclosed meant Public Service Commission of Indiana, and the figures were a license number issued to appellant; that the lettering on the trailer was done in appellant's garage in Chicago without the knowledge of Glade.

The evidence further disclosed that the appellant was incorporated a few months before the accident described in the complaint. Prior to that time the transportation company had been operated by George F. Bates, as the sole owner. He applied to the Public Service Commission of Indiana for a certificate of convenience and necessity, and authority to operate as a common carrier of interstate shipments on certain highways in this state, including road No. 31, which permit was granted to him, and, upon his request, the application was amended or changed so as to grant the privilege to the appellant corporation. The evidence further disclosed that the appellant maintained a station in Chicago, and

substations in Indianapolis, Indiana, and Louisville, Kentucky; that all trucks were operated upon a schedule; that bills of lading were issued; that the freight charges were sometimes paid directly to the driver of the truck, and at other times to the home office in Chicago. In some instances the freight was delivered at the station or substations, and at other times to the consignee. Glade conveyed the goods as directed by appellant upon a designated highway, had no authority to transport goods not designated by appellant, operated upon the schedule fixed by it, and, as compensation for his services, received 70 per cent. and the appellant 30 per cent. of the freight charges. The appellant's officials testified that appellant owned no trucks, but operated by employing persons owning trucks to transport appellant's freight. It is in evidence that the truck drivers, including Glade, received directions from the officers or employees in charge of the station and substations. They carried no freight except interstate shipments.

It was not held in any of the cases relied upon by the appellant, that the answer that he was "employed" constituted a reversible error under circumstances and facts existing as in the case at bar. Here the relationship between Glade and the appellant was fully explained. There is no reason to believe that the jury could have been misled by the question and answer.

What has been said upon overruling the objection to the question applies with equal force to overruling the motion of appellant to strike out the answer.

It is the contention of the appellant that the verdict of the jury is contrary to law and is not sustained by sufficient evidence. The first proposition discussed is that there is no evidence of negligence. This was a question for the jury. There is evidence in the record to support the allegations of the

complaint, that the truck was being driven on the side of the road to the left of the center line. Marks on the highway indicated that the truck was about two and one-half feet west of the center line. Witnesses testified to the damages done to both the tractor and the car operated by plaintiff's decedent. The positions of the cars after the wreck were described by witnesses. The only survivor, of decedent's coupe, was his son, Charles, 16 years of age, who was riding in the luggage compartment at the time of the accident. His position was such that he could not see to the front, but did see and look to the east and rear of the car. He testified that his father was driving to the west of the black line, and to the right of the center, and did not pass anyone for a distance of five miles before the accident. He said it was a clear, warm night in August, and that the moon was shining.

There were two occupants in the tractor at the time of the accident, Glade and another person. Neither of these parties was produced at the trial by the appellant as a witness. The appellee took the deposition of Glade in Chicago some two years prior to the date of the trial, at which time appellant did not cross-examine, or examine him as its witness. In addition to showing that the tractor was traveling on the west side of the center black line, there is evidence to show that it skidded northeast 40 to 50 feet to the east side of the road, where it stopped. The Chevrolet was knocked northwest into a ditch on the west side of the road.

There is sufficient evidence in the record to justify the court in submitting the question of negligence to the jury. The physical facts, together with the oral testimony, would not warrant a reversal by this court. There is the positive undisputed evidence that the tractor was traveling on the wrong side of the road. There is no evidence of contributory negligence upon the part

of the decedent. The verdict and judgment were warranted upon evidence introduced at the trial which the jury had the right to believe, and by their verdict removed the question from the consideration of this court.

Appellant also contends that there is no evidence that the driver and operator of the truck was a servant, agent, or employee of the appellant. What has been said concerning the weight of evidence may be applied to this objection. As heretofore recited, the appellant was the common carrier, licensed under the laws of Indiana. It is apparent from a reading of the entire record that it was the principal. There is no question as to the ownership of the truck. The president of the appellant company testified that it did not own trucks. That is not a question in the case. The question is: Whose business was being transacted? Who was the common carrier? Who held the permit from the Public Service Commission of Indiana? The facts do not make Glade an independent contractor. To be such it would be necessary that he be exercising an independent employment under a contract, doing work by his own methods without being subject to the control of his employer, except as to the product or result of the work. All that Glade could do was to follow the route on the schedule designated by appellant. He received directions, prohibitions, and precautions from the Bates Motor Transport Lines against picking up independent freight outside of their own freight. As compensation he received 70 per cent. of the freight charges collected by appellant. It is true he furnished the tractor and trailer. The appellant furnished the permit to transport interstate shipments as a common carrier, and furnished the freight to be transported; maintained the offices and equipment, and all supplies necessary to engage as a common carrier in the transportation of the interstate freight. Glade could not en-

gage in that business except as the agent or employee of appellant. The appellant does not deny that it authorized Glade to transport the freight contained in the truck on the evening of the accident, nor does it dispute that Glade transported that freight without any permit issued to him by the Public Service Commission of Indiana, nor does it dispute that it held a permit issued by that commission over the designated route from Chicago to Louisville. The appellant was the one party concerned which held such permit and such right under the laws of the State of Indiana. It cannot escape liability upon the theory of its affirmative paragraph of answer, that Glade was an independent contractor. As well said in *Cleveland, etc., R. Co.* v. *Simpson* (1915), 182 Ind. 693, 704, 104 N. E. 301, 108 N. E. 9:

> "It is well settled law that he who counsels, advises, abets or assists another to commit a tort, or joins in its commission is responsible for all the injury done, whether specifically authorized or not, and can not excuse himself from liability because the particular injury complained of was occasioned by the agent or contractor in connection with the wrongful acts authorized. Both are trespassers and each is individually liable for the tort committed. (Citing authorities.) The defense of independent contractor is not available where a recovery is sought for damages resulting from acts done in violation of a duty imposed by law, upon the party charged with responsibility for the injury, and he can not escape liability by engaging for its performance by another, nor escape the consequences of a violation of his own express contract, by the defense, that he let the work to another, over which he had no control."

The facts do not warrant interference by this court on this subject. The appellant was the responsible licensed party to use the highways of the state, in an enterprise necessarily attended by some danger. It cannot avoid liability for injury to third parties by contracting with an irresponsible party. Such contract

would be a fraud upon the public and state. *The Lake Shore and Michigan Southern Railway Co.* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20.

The final question presented to this court by the appellant is based upon the action of the court in overruling its objection to the introduction of plaintiff's exhibit E, which was an authenticated copy of the order of the Public Service Commission of Indiana, granting a permit to George F. Bates, president of the appellant, as an individual, who formerly operated as the Bates Motor Transport Lines, instead of to the appellant corporation by its correct name. This exhibit, together with exhibits B, C, D, K, F, and G, were offered in evidence at one time. Appellant's objection was made to the introduction of all the exhibits by the use of the following language:

"The defendants each, separately and severally, object to the introduction and reading in evidence of Plaintiff's Exhibits B to K inclusive for the reason, first: they haven't been properly authenticated; second, for the reason that they do not tend to prove or disprove any fact at issue in this case and only have a tendency to encumber the record and confuse the jury by injecting into the case matters that are neither material nor relevant."

In its discussion of the question appellant contends that the permit was issued to George F. Bates as an individual, to operate as a common carrier, interstate, and requiring him to carry insurance and indemnity against loss or damage to person or property; that the provision in the permit requiring insurance was highly prejudicial to appellant.

The record discloses that the exhibits referred to embraced the entire proceedings had before the Public Service Commission in the procurement by the appellant of a permit to operate as a common carrier, interstate, under certificate No. 1480-M; that by mistake the

permit was issued in the individual name of the president of appellant; that the appellant petitioned to correct the permit *nunc pro tunc,* which petition was granted.

The appellee charged in his complaint, and proceeded upon the theory, that the appellant was an interstate common carrier of freight under the laws of the State of Indiana, therefore, it was incumbent upon appellee to establish the character of the appellant. To do this he introduced authenticated copies of the proceedings before the Public Service Commission; and, in order to show that the appellant was authorized to transact such business, it was necessary to introduce the permit granted to it. The permit granted to its president, as an individual, and the petition for the *nunc pro tunc* order, together with the order, constituted a necessary part of the proceedings. Among the recitals in the permit was one referring to Chapter 46, Section 3, Acts 1925, p. 138 (Sec. 47-1203 Burns' Ind. St. 1933), which provides that motor vehicle common carriers shall file with the Public Service Commission of Indiana a bond, indemnity undertaking or policy of insurance, in such amount as may be fixed by the commission. The order further recited that the commission was authorized to promulgate rules; that in compliance therewith, the commission had promulgated a rule making certain requirements of motor vehicle common carriers as to the amount of insurance to be carried by each of such carriers.

The reference made to the insurance is now objected to by appellant, but it is not in a position to maintain said objection for the reason that it did not object upon that ground at the time the exhibit was introduced in evidence, and for the further reason that, upon the trial, it examined its president, George F. Bates, as a witness, and, in his examination

in chief, interrogated him concerning insurance carried upon the motor truck involved in this accident. The record discloses that the reference in exhibit E to the question of insurance was merely incidental. Appellee states in his brief that no further reference, comment, or argument by appellee to the jury was made concerning the insurance. The statement of the appellee is not denied by appellant. The appellant has presented no reversible error under this point.

The evidence is ample to sustain the judgment. No reversible error is presented.

Judgment is affirmed.