KUNKLER *v.* MAUCK.

[No. 16,545.   Filed May 10, 1940.]

*John J. McShane,* of Indianapolis, for appellant.
*Frank Hamilton,* of Terre Haute, for appellee.

Devoss, C. J.—The appellee filed his petition with the Industrial Board for compensation for personal injuries received by an accident arising out of and in the course of his employment by appellant.

Appellant filed a petition to consolidate with this proceedings the file in Cause No. 26915 heretofore filed with said Industrial Board, entitled *Wyett Mauck* v. *Joseph Kunkler*, and also filed a special answer herein alleging former adjudication. It was stipulated at the hearing before the single Industrial Board member that all of the evidence including the exhibits taken in Cause No. 26915 should be considered as part of the evidence in this cause. No ruling was made by the Industrial Board on the motion to consolidate.

From an award by a single member of the Industrial Board awarding compensations appellee requested a review by the Full Industrial Board, and upon such review the Full Industrial Board made a finding and award as follows:

". . . And the Full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being fully advised in the premises, now finds that on September 16, 1937, plaintiff, while in the employ of the defendant, Mary M. Kunkler, suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that plaintiff's average weekly wage was $18.00; that as a result of the said accidental injury plaintiff was temporarily totally disabled from September 16, 1937, up to and including December 28, 1937, on which date plaintiff's temporary total disability as a result of said accidental injuries terminated.

"It is further found that as a result of plaintiff's accidental injuries, plaintiff has suffered a permanent partial impairment of the loss of the use of the right arm in the amount of 75%.

"Award.

"It is therefore considered and ordered by the Full Industrial Board of Indiana that there is awarded plaintiff as against the defendant compensation at the rate of $9.90 per week, beginning September 16, 1937, and continuing for a period of

187½ weeks, for a 75% permanent partial impairment of the loss of the use of the right arm; that all delinquent compensation be paid in cash and in a lump sum.

"It is further considered, ordered and adjudged by the Full Industrial Board of Indiana that as a result of said accidental injuries plaintiff suffered a temporary total disability in the amount of 12 5/7 weeks and that this award covers such period of time."

From this award of the Full Industrial Board appellant appeals and assigns as error: (1) that the final award of the Full Industrial Board is contrary to law; (2) that the final award of the Full Industrial Board is not supported by sufficient evidence. The first assigned error is sufficient to present all questions herein on appeal.

It is contended by appellant in her brief that the principle of res judicata should apply in this cause, and that the finding and award of the Industrial Board in Cause No. 26915 in which appellee herein was plaintiff and Joseph Kunkler was defendant, is a former adjudication of the matters involved herein. We do not agree with this contention.

Before an award by the Industrial Board for compensation can be maintained it must appear, among other requirements, that the injured party was in the employ of the defendant at the time of the injury. The fact that the Industrial Board found in a cause filed against Joseph Kunkler by this appellee, that appellee take nothing by his complaint, would not be an adjudication of the question of whether he was or was not in the employ of appellant Mary M. Kunkler in the instant case at the time of the injury complained of. She was not a party to the former proceedings and the question of her liability to appellee was in no sense adjudicated therein.

Before the principles of former adjudication can be invoked there must be identity of parties, and one who invokes such doctrine must be one who tendered to the other an issue. There was no identity of parties in the instant cause and No. 26915. No issue was tendered to appellee in the former cause by Mary M. Kunkler, she not being a party thereto. For cases affirming these principles, see *Harvey* v. *Osborn* (1877), 55 Ind. 535; *Jones* v. *Vert* (1889), 121 Ind. 140, 22 N. E. 882; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754; *Mossman Yarnelle Co.* v. *Fee* (1921), 75 Ind. App. 601, 131 N. E. 59.

Appellant further contends that stipulations made by litigants are binding upon the Industrial Board and that it was stipulated that the appellee herein was in the employment of Joseph Kunkler on the 16th day of September, 1937.

It is true that such stipulations when made are binding upon the Industrial Board, but appellant is in error in the statement that such stipulation was made in the instant case. The record discloses that it was stipulated and agreed that the evidence and the record of Cause No. 26915 should be considered as a part of the testimony in the present cause. The record so introduced contained the stipulation in the former Cause No. 26915 that appellee was on the 16th day of September, 1937, in the employ of Joseph Kunkler, but it cannot be considered as a stipulation herein. Such record was merely introduced as evidence to be weighed and considered by the Industrial Board along with all other evidence submitted.

Appellant questions the finding of the Industrial Board that appellee was an employee within the mean-

ing of the Indiana Workmen's Compensation Act, and contends that appellee was a casual laborer.

"Before an employment may be said to be not compensable on account of it being casual, two things must concur. The employment must be casual and not in the usual course of the trade, business, occupation, or profession of the employer." *Barker, Rec.* v. *Eddy* (1933), 97 Ind. App. 94, 98, 185 N. E. 878; and cases cited therein; *J. P. O. Sandwich Shop* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869.

It has been held by this court in numerous cases that in construing the legislative definition of "employee," a measure of liberality should be indulged in to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan. *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Dietrich* v. *Smith* (1931), 93 Ind. App. 219, 176 N. E. 636; *J. P. O. Sandwich Shop* v. *Papadopoulos, supra.*

The employment of appellee was, as disclosed by the evidence, a casual one, and unless said employment was in the usual course of the trade, business, occupation or profession of appellant there can be no recovery herein.

The evidence discloses that appellant was the owner of several properties in the City of Terre Haute, and that the same were rented to various tenants by appellant's brother, Joseph Kunkler, who was the duly authorized agent of appellant; that from time to time when needed said agent made arrangements to have repairs made and employed persons therefor; that he employed persons to fix the roof, paint the buildings, fix sewers, and arranged with tenants to sign leases,

and in a general way looked after appellant's business. In response to questions by appellee, appellant stated:

"Q. Prior to the 16th day of September, 1937, and you were not engaged in any occupation or business yourself at that time?

"A. Absolutely not.

"Q. And these properties, various pieces of property which you own, including this property at the corner of Chestnut and Fourth St., are rental properties?

"A. Yes sir.

"Q. And that was your business of owning and collecting receipts from these properties?

"A. That's right."

Appellee testified that on and prior to September 16, 1937, the date upon which it is alleged the accident occurred, he was a painter and had been engaged in that business for several years; that prior to that date he had been employed by Joseph Kunkler to do repair work on property belonging to appellant in painting and tarring roofs, and for several years he had been called to make such repairs. That on the 16th day of September, 1937, he was employed by Joseph Kunkler to pitch and paint the roof of a building belonging to appellant and worked four hours thereon and after completing that work he was directed by said Joseph Kunkler to go upon the roof of the building adjoining the one under repair, which adjoining building was also the property of appellant, to inspect the same relative to its need of repair; that the rate of pay for this work was fixed at 75 cents an hour, and that he worked four hours on the job. That he did work by contract by the job for others than appellant during the year preceding the injury. That in removing an eighteen-foot ladder from the roof the ladder started to fall, twisting from left to right, and in holding the ladder his right arm was twisted. That his arm became

bloodshot and swollen from wrist to shoulder, and that he is unable to use his right arm at this time in his work. Medical testimony was introduced by appellee, and three physicians testified that there is a permanent impairment in the normal use and function of the arm of 75% of the entire arm.

In the usual course of the business of operating rental properties the keeping of such properties in repair is a necessary part of the business, and the repair of the roof of one of the rental properties, in which appellee was engaged at the time of the injury, is such employment as would be considered in the usual course of the employer's business. For cases wherein a similar question was involved see: *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27; *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856; *J. P. O. Sandwich Shop* v. *Papadopoulos, supra.*

Appellant contends further that the finding of the Industrial Board as to the average weekly wage is not sustained by the evidence. We have read the evidence and conclude that it is sufficient to sustain the award. It does not appear in the record that the Industrial Board followed a method of determining the average weekly wage which was not applicable, and it will be presumed that the Industrial Board followed the statutory method. *W. H. Miller & Son* v. *Driver* (1937), 104 Ind. App. 232, 10 N. E. (2d) 430.

It is a well-settled principle of law that this court will not weigh the evidence, and if there is any competent evidence to sustain the award it will not be disturbed on appeal.

It is apparent to us after considering all of the facts that there is sufficient evidence to sustain the finding and award of the full Industrial Board.

Finding no reversible error herein, the award is affirmed and by virtue of the statute the same is increased 5%.

NOTE.—Reported in 27 N. E. (2d) 97.