Dorothy A. SHAUGHNESSY formerly known as Dorothy A. Held, Plaintiff and Appellant,

v.

Robert BOHNET d/b/a Bohnet Grain & Cattle, Defendant and Appellee.

Civ. No. 9862.

Supreme Court of North Dakota.

March 12, 1981.

Vince H. Ficek, Dickinson, for plaintiff and appellant.

Freed, Dynes, Malloy & Reichert, Dickinson, for defendant and appellee; argued by George T. Dynes, Dickinson.

PAULSON, Justice.

Dorothy A. Shaughnessy, formerly known as Dorothy A. Held, appeals from a summary judgment entered against her on September 19, 1980, by the District Court of Hettinger County. We reverse and remand.

Robert Bohnet is engaged in farming and ranching near Bentley. Bohnet regularly hauled grain and cattle to Duluth, Minnesota, for his own purposes, as well as on a commercial basis for elevators, farmers, and ranchers in the area. The operation required that Bohnet hire someone to drive a semi-truck and trailer. Bohnet hired Patrick Shaughnessy to drive the truck. Dorothy Shaughnessy accompanied Patrick when he drove to Duluth and, on occasion, Dorothy drove the truck in order to allow Patrick to rest. Bohnet was aware that Dorothy drove the truck, but made no agreement to compensate her for driving the truck. He required both Dorothy and Patrick to obtain driver's licenses for driving the truck and he obtained insurance for the truck with The Hartford Insurance Company. On June 16, 1979, near Flasher, the right front tire of the truck failed when the truck tire hit a piece of an automobile suspension from an abandoned vehicle and the semi-truck and trailer overturned. Dorothy was the driver of the truck at the time and received severe injuries, while Patrick received less severe, although extensive injuries as a result of the accident.

Patrick began driving the truck for Bohnet in February of 1976. The application to insure the truck was received by The Hartford Insurance Company on April 26, 1976. The application was approved and the policy extended no-fault personal injury coverage up to $15,000 to any occupant of the vehicle who was injured except for employees entitled to Workmen's Compensation Bureau coverage. Dorothy submitted a claim for workmen's compensation coverage to the North Dakota Workmen's Compensation Bureau on September 4, 1976. Bohnet was not a contributing employer to the Workmen's Compensation Bureau and claimed that he did not need to carry workmen's compensation coverage because he was a farmer hauling his own produce. The Bureau conducted a complete investigation of Bohnet's operations and concluded that Bohnet was in fact required to carry workmen's compensation coverage on his employees. Bohnet discharged his legal responsibility to the Bureau by paying premiums, penalties, and interest to the Bureau which totaled $694.95. Bohnet consistently denied that Dorothy was his employee. In a denial of coverage contained in a letter sent to Dorothy on October 29, 1976, the Bureau stated that it did not have jurisdiction over Dorothy's claim because she had withdrawn her claim. She withdrew her claim for workmen's compensation benefits on September 20, 1976, because Bohnet denied that she was his employee and because Bohnet had no workmen's compensation coverage at the time of the accident. No determination by the Bureau had then been made as to whether or not Bohnet was required to have coverage for Dorothy, or whether Dorothy was entitled to receive workmen's compensation benefits. On July 14, 1976, Dorothy submitted an application for no-fault personal injury coverage to The Hartford Insurance Company. Bob Lund, a claim supervisor for the insurance company, advised the Bureau that Patrick's claim should be processed by the Bureau and that Dorothy also might be an employee of Bohnet and, therefore, might be entitled to receive workmen's compensation benefits. Both Dorothy and Patrick received payments from the insurance company, but Patrick was later required to refund these payments because he received workmen's compensation benefits. Ultimately, Dorothy received the full amount of available coverage under the personal injury protection provision of the policy. The last payment was made on December 7, 1977, to Dorothy.

Dorothy initiated this action on December 5, 1978, by filing a complaint which alleged that she was an employee of Bohnet at the time of the accident and that the accident was the result of the hazardous nature of her employment. In his answer to Dorothy's complaint, Bohnet denied that Dorothy was his employee and submitted a counterclaim against Dorothy for the damages to his semi-truck and trailer. On January 19, 1979, Dorothy submitted a motion to strike and dismiss the counterclaim of Bohnet. The court issued an order on March 5, 1979, which granted Dorothy's motion to strike and dismiss the counterclaim. On January 22, 1979, Bohnet submitted an amended answer in which he alleged that Dorothy had elected her remedy by pursuing benefits under workmen's compensation coverage. On May 3, 1979, Bohnet presented a motion for summary judgment based upon the ground that Dorothy had received no-fault insurance benefits and had waived her rights to proceed with a direct action against Bohnet. In addition, Bohnet stated that he had paid the full premiums, penalties, and interest required by the workmen's compensation law and was, therefore, entitled to receive the full benefits of such law. One such benefit is contained in § 65–09–04 of the North Dakota Century Code, which provides that an employer who was uninsured at the time of the injury to an employee is entitled to the benefits of the workmen's compensation law when the required premiums, penalties, and interest are paid to the Bureau, because the employer should have contributed for workmen's compensation coverage for the employee. Section 65–01–08, N.D.C.C., provides that when an employer contributes premiums to the North Dakota Workmen's Compensa-

tion Fund, the employee has no right of action against the contributing employer.

Dorothy opposed the motion for summary judgment and submitted a cross-motion for summary judgment on May 11, 1979. The district court issued an order granting Bohnet's motion for summary judgment and denying Dorothy's cross-motion for summary judgment on September 17, 1980. In its memorandum decision the district court stated that it did not rule on Bohnet's contention that Dorothy's application for workmen's compensation benefits without further action on her part prevented her from pursuing a separate action against Bohnet, nor did the court rule on Bohnet's contention that Dorothy had elected her remedy by receiving insurance benefits. The district court did rule that Bohnet was entitled to the benefits of workmen's compensation law by virtue of § 65–09–04, N.D.C.C., and that Bohnet was exempt from suit by virtue of § 65–01–08, N.D.C.C. The court also determined that Dorothy could re-submit her application to the Bureau in order to receive workmen's compensation benefits. Dorothy's claim against Bohnet was dismissed with prejudice and Bohnet was awarded costs which totaled $406.20. Dorothy filed a notice of appeal on September 22, 1980.

Four issues are presented for our consideration:

(1) Whether or not the district court properly granted a summary judgment in Bohnet's favor on the basis of the provisions of §§ 65–09–02 and 65–09–04, N.D.C.C.

(2) Whether or not Dorothy is barred from taking legal action against Bohnet because she made an application for workmen's compensation benefits.

(3) Whether or not Dorothy is estopped from taking legal action against Bohnet under the doctrine of election of remedies because she received no-fault insurance benefits.

(4) Whether or not the district court committed error as a matter of law by not ruling on the issues presented in Dorothy's cross-motion for summary judgment.

The first issue concerns whether or not the district court properly granted a summary judgment in Bohnet's favor. On appeal from a summary judgment, the evidence must be viewed in the light most favorable to the party against whom the summary judgment was granted. *Winkjer v. Herr*, 277 N.W.2d 579 (N.D.1979). Summary judgment is not appropriate if the moving party is not entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from undisputed facts. *Helbling v. Helbling*, 267 N.W.2d 559 (N.D.1978). This court may not decide disputed issues of material fact; we may only determine whether a genuine issue exists and whether the law was applied correctly. *Benson Cty. Co-op., Etc. v. Central Livestock*, 300 N.W.2d 236 (N.D.1980). The district court concluded that compliance with § 65–09–04, N.D.C.C., entitled Bohnet to the exclusion from further liability contained in § 65–01–08, N.D.C.C., which is accorded to employers contributing to workmen's compensation coverage. The district court made no determination of whether or not Dorothy was Bohnet's employee; rather, the district court assumed that she was an employee but that she could not maintain the action against Bohnet because of the provisions of § 65–09–04, N.D.C.C. A genuine issue of material fact exists because the determination of whether or not Dorothy was an employee of Bohnet has important consequences. Dorothy may not be able to maintain the action in its present form if it is determined that she was not Bohnet's employee. The district court concluded that the law prevented Dorothy's claim from being heard even if it were determined that she was an employee and based its decision upon § 65–09–04, N.D.C.C., which provides, in pertinent part:

"*65–09–04. Premiums and penalties to be paid by employer.* Any employer who was uninsured at the time of the injury of his employee for which the bureau has made an award under 65–09–03 shall be entitled to the benefits of this title but

shall be liable for any premiums plus penalties and interest due on such premiums plus a penalty of two hundred dollars and twenty-five percent of all premiums due or paid in the preceding six years. . . ."

When an employee of an uninsured employer receives an award of workmen's compensation benefits, § 65–09–04, N.D. C.C., provides that an employer who was uninsured at the time of the injury of his employee is liable for any premiums, penalties, and interest, but receives the benefits extended by workmen's compensation law. One such benefit is contained in § 65–01–08, N.D.C.C., which confers upon insured employers an exclusion from further liability in that the injured employee must look to the workmen's compensation fund alone for compensation. Because Bohnet paid the premiums, penalties, and interest required by law, the district court concluded that no action could be brought against Bohnet. We believe that the district court misconstrued the procedure involved in the application of § 65–09–04, N.D.C.C. Section 65–09–02, N.D.C.C., provides that any employee injured in the course of his employment whose employer has failed to comply with the provisions of Chapter 65–04, N.D.C.C., which relates to premium payments to the workmen's compensation fund, may file his application with the Bureau for an award of workmen's compensation benefits in lieu of proceeding against his employer by way of a civil action. The fact that Bohnet has paid the premiums, penalties, and interest required by the Bureau does not negate Dorothy's right of election under § 65–09–02, N.D.C.C., because the right of election as to which remedy to pursue adheres to Dorothy and is not foreclosed by Bohnet's action.

The essential ingredient in the application of § 65–09–04, N.D.C.C., is the fact that the Bureau has made an award of workmen's compensation benefits to the injured employee by virtue of § 65–09–03, N.D.C.C. In this case, the Bureau made no award to Dorothy because she withdrew her claim and the Bureau did not assume jurisdiction over the matter. Bohnet argues that his payment of premiums, penalties, and interest should extend the provisions excluding further liability to the length of the period covered by the premiums paid into the fund. Because his liability under § 65–09–04 could extend to 25 percent of all premiums due or paid in, in the preceding 6 years, Bohnet argues that he is protected for the period preceding Dorothy's injury, by virtue of § 65–04–28, N.D.C.C. Again, Bohnet's argument ignores the fact that no coverage existed at the time that Dorothy was injured. A retroactive application of § 65–09–04, N.D.C.C., in the case where the injured employee had not received an award under § 65–09–03, N.D.C.C., was clearly not contemplated by the legislature because an injured employee's remedies then could be limited by the employer. If the employer chose not to contribute to the workmen's compensation fund, he could nevertheless avail himself of its benefits by seeking to contribute to the fund at a later date. This result would clearly contravene the purpose of § 65–09–02, N.D.C.C., which extends to the injured employee the option of either pursuing a civil action against the employer or filing an application for workmen's compensation benefits. In addition, employers subject to the coverage afforded by the workmen's compensation law but not contributing to the fund would thus be encouraged to delay paying premiums into the fund for as long as possible, while employers contributing to the fund would be faced with subsidizing such a practice. We do not believe that the workmen's compensation law sanctions such a practice.

Bohnet argues that the amendment of several sections in Chapter 65–09, N.D. C.C., by the 1973 Legislature eliminated the situation where an uninsured employer would be involved in two actions. While this assertion is undoubtedly correct in the situation where the Bureau has made an award to an injured employee of an employer who was uninsured at the time of the injury to the employee, the assertion is incorrect when the injured employee proceeds with a civil action against the employer

after filing an application with the Bureau and then withdrawing the claim prior to the Bureau's making an award of workmen's compensation benefits. Section 65–09–02, N.D.C.C., allows an injured employee to pursue the option of a civil action and is not eliminated by the 1973 amendment of § 65–09–04, N.D.C.C. Thus, the summary judgment which was granted on the basis that § 65–09–04, N.D.C.C., foreclosed Bohnet's liability to Dorothy in a civil action is incorrect. Not only was Bohnet not entitled to summary judgment as a matter of law, but also several genuine issues of material fact remain to be resolved. These issues of fact include the determination of whether or not Dorothy was Bohnet's employee at the time of the accident and the extent of Dorothy's damages as compensation for her injuries.

 The second issue is concerned with whether or not Dorothy is barred from taking legal action against Bohnet because she filed an application for workmen's compensation benefits. This issue and the third issue both relate to the question of whether or not Dorothy has elected her remedy or waived her rights and, therefore, is precluded from initiating the civil action against Bohnet. Dorothy filed an application for workmen's compensation benefits with the Bureau on September 4, 1976. She later withdrew the application because Bohnet did not have workmen's compensation coverage and denied that Dorothy was his employee. Thereafter, Dorothy accepted benefits under a no-fault personal injury coverage insurance policy. Bohnet now claims that Dorothy elected her remedy by the filing of the application with the Bureau or the receipt of the insurance policy benefits. We express no opinion upon these contentions by Bohnet because the district court did not decide these questions, but, instead, chose to base its decision on its view of the interaction between §§ 65–09–02 and 65–09–04, N.D.C.C. The issues which Bohnet would have us consider are more appropriately matters for the trial court because our decision on these matters would be advisory in nature. See *Gernand v. Ost Services, Inc.*, 298 N.W.2d 500 (N.D.1980). Similarly,

Dorothy's contention that the district court committed error by not ruling on the issues presented in her cross-motion for summary judgment also would have us consider issues which the district court did not resolve.

For reasons stated in this opinion, the summary judgment is reversed and the case is remanded to the district court for trial on the issues of fact and on the merits.

ERICKSTAD, C. J., and SAND, PEDERSON and VANDE WALLE, JJ., concur.