**James SIEBELS, Respondent,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, defendant and third party plaintiff, Appellant,**

v.

**Louis A. SIELING, et al., Third Party Defendants.**

**No. C7–85–614.**

Court of Appeals of Minnesota.

Sept. 24, 1985.

Timothy J. McLarnan, Moorhead, for respondent.

David Stowman, Detroit Lakes, for appellant.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

American Family Mutual Insurance Company appeals a judgment reforming an automobile insurance contract issued by appellant American Family to provide statutorily mandated optional underinsured motorist coverage. We affirm.

## FACTS

James Siebels was injured in an accident involving a vehicle driven by Wayne Sieling and owned by Louis Sieling. Siebels settled with the Sielings for his policy limits of $25,000 and executed a full release.

Siebels then commenced this action against his insurer American Family, alleging American Family failed to make the mandatory offer of underinsured motorist coverage as mandated by Minn.Stat. § 65B.49, subd. 6 (1978) (repealed 1980 Minn.Laws ch. 539, § 7). Siebels sought to have the policy reformed to provide the optional underinsured coverage in the amount of the liability limits. For purposes of this litigation, American Family

admits that it did not offer underinsured coverage.

## ISSUE

Is Siebels, who was not offered underinsured motorist coverage and who settles his personal injury claim with the tortfeasor without notice to his insurer, precluded from bringing an action against his insurer for underinsured benefits?

## ANALYSIS

On appeal, American Family argues that since the trial court reformed the insurance contract between Siebels and American Family to provide statutorily mandated optional underinsured motorist coverage, the reformation relates back to the execution of the insurance policy. Siebels, therefore, had a duty to notify American Family of the settlement with the tortfeasor, as mandated by section 65B.49, subd. 6(e). American Family argues that because the release of the tortfeasor destroyed its right of subrogation, Siebels' claim for underinsured coverage is barred. The argument has no merit.

■ The right of subrogation granted by statute "is a limited, not absolute, right that comes into existence only after the insurer has paid benefits to its insured * * *." *Schmidt v. Clothier,* 338 N.W.2d 256, 261 (Minn.1983). In *Schmidt,* the supreme court stated:

> Once an insurer has paid the benefits it contractually owes to its insured and gives notice thereof to the tortfeasor, a subsequent release obtained by the tortfeasor will not defeat the subrogation right but rather will be viewed as a waiver of the rule against splitting the cause of action. If the tortfeasor is released before payment by the insurer, however, no subrogation rights ever arise. An underinsurer which promptly sends an underinsurance claim to arbitration and pays its insured will be protected from

the effects of a settlement and release of the tortfeasor.

*Id.* at 262 (citations omitted).

■ No underinsured benefits were paid by American Family to Siebels prior to the execution of the release to Sielings and, therefore, no subrogation rights ever arose. Normally, when underinsured benefits are written into the insurance policy, there is a requirement that notice of settlement be given prior to settlement. In this case, however, the insured was forced to commence an action against the insurer alleging a failure to offer statutorily mandated optional underinsured benefits. There was no certitude at the time of settlement that underinsured coverage would eventually be read into the contract either through legal action or agreement of the parties. Because of American Family's failure to offer underinsured coverage as mandated by section 65B.49, subd. 6(e), the settlement and release of the tortfeasor does not preclude recovery of underinsurance benefits.

■ Additionally, reformation to provide statutorily mandated optional underinsured coverage due to a failure of a statutory obligation is not the same as reformation due to mistake or fraud. In the former, the parties are not put back to the position they would have been in originally in the strict sense as is done in the latter. *See Kuchenmeister v. Illinois Farmers Insurance Co.,* 310 N.W.2d 86, 89 (Minn.1981) (right to a jury trial to determine whether the insured would have purchased the underinsured coverage would be too speculative and would allow insurers to circumvent the intent of the legislature). American Family argues Siebels acted "in complete disregard of legal, contractual, and moral obligation by failing to give American Family notice of the tentative settlement." The description of breach more aptly fits American Family's failure to offer the mandated coverage when it accepted Siebels' insurance payment.

## DECISION

Affirmed.