**Carlyle KIPPEN and Janice Kippen, Plaintiffs and Appellants,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant and Appellee.**

Civ. No. 870186.

Supreme Court of North Dakota.

March 29, 1988.

Paul E. Grinnell of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for plaintiffs and appellants.

Thomas L. Garrity of Cahill & Maring, Moorhead, Minn., for defendant and appellee.

VANDE WALLE, Justice.

Carlyle and Janice Kippen appealed from a summary judgment dismissing their action against Farm Bureau Mutual Insurance Company ["Farm Bureau Mutual"]. We reverse and remand.

On December 11, 1984, Janice Kippen was seriously injured when she was struck by a motor vehicle owned and operated by Marcia Buringrud. Buringrud carried liability insurance on her vehicle with policy limits of $50,000.

Carlyle Kippen, Janice's husband, was employed by North Dakota Farm Bureau and was provided a company car for his business and personal use. The vehicle was owned by Farm Bureau Life Insurance

Company ["Farm Bureau Life"] and was leased to North Dakota Farm Bureau. The vehicle was insured with a liability policy from Farm Bureau Mutual, which included $1,000,000 of underinsured motorist coverage. Although listed as a named insured on the policy, Carlyle Kippen never received a copy of the policy, a certificate of insurance, a declarations sheet, or any other notification of the existence of this policy.

Unaware of the underinsured motorist coverage available under the Farm Bureau Mutual policy, the Kippens settled their claim against Buringrud and her insurer for the $50,000 policy limit, executing a general release. When the Kippens subsequently learned of the Farm Bureau Mutual policy, they filed a claim for underinsurance benefits. Farm Bureau Mutual denied the claim, relying upon policy provisions which required prompt notice of claims and consent of the company before settlement by the insured with any third party who might be liable for the insured's injuries.

The Kippens commenced this action seeking a declaration that Farm Bureau Mutual is liable for underinsurance benefits under the policy. Both sides moved for summary judgment. The trial court determined that the Kippens had given notice of their claim as soon as reasonably possible, thereby complying with the notice provision in the policy. The court concluded, however, that the Kippens' failure to secure Farm Bureau Mutual's consent to the settlement had destroyed the company's subrogation rights and therefore barred their claim for underinsurance benefits. Summary judgment was entered dismissing the Kippens' action, and they appeal.

The Kippens contend that the trial court erred in concluding that their settlement with and release of Buringrud defeats their claim for underinsurance benefits. We agree.

Underlying this issue are the related questions of whether an insurer has a duty to provide its named insured with a copy of the policy or other notification of coverage and, if so, whether the insurer can rely upon policy defenses when it fails to inform the insured of coverage. Counsel for Farm Bureau Mutual conceded at oral argument that the core issue in this case is whether the company had a duty to provide a copy of the policy, or some other notice of coverage, to the Kippens.

A number of cases have discussed an insurer's duty to provide a copy of the policy or other documentation of its terms to the insured. See, e.g., *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 426 F.Supp. 316, 323 (N.D.Ind.), *modified on other grounds,* 567 F.2d 692 (7th Cir.1977); *Rucks v. Old Republic Life Insurance Co.*, 345 So.2d 795, 797–798 (Fla. Ct.App.1977); *Breeding v. Massachusetts Indemnity and Life Insurance Co.*, 633 S.W.2d 717, 718–720 (Ky.1982); *Gardner v. League Life Insurance Co.*, 48 Mich.App. 574, 210 N.W.2d 897, 898–899 (1973); *Farmers Insurance Exchange v. Call*, 712 P.2d 231, 236–237 (Utah 1985); *General Motors Acceptance Corp. v. Martinez*, 668 P.2d 498, 501–502 (Utah 1983); *Safeco Insurance Co. v. Dairyland Mutual Insurance Co.*, 74 Wash.2d 669, 446 P.2d 568, 570 (1968). We recognize that some of these cases are based upon statutory provisions requiring delivery of the policy or a certificate of insurance to the insured. See, e.g., *Breeding v. Massachusetts Indemnity and Life Insurance Co., supra,* 633 S.W.2d at 718; *General Motors Acceptance Corp. v. Martinez, supra,* 668 P.2d at 501; see also, § 26.1–37–07, N.D.C. C. (requiring delivery of an individual policy or group certificate of insurance to the insured for credit insurance). Other cases, however, have held that, in the absence of such a statute, public policy nevertheless requires notice to the insured of the essential terms of coverage:

"In *General Motors Acceptance Corp. v. Martinez*, Utah, 668 P.2d 498 (1983), this Court held that an insurance company which neglects to deliver or otherwise disclose, in writing, any document stating an exclusion in a credit life or disability insurance policy will be estopped from relying on the exclusion. Although *Martinez* involved a statute requiring de-

livery of a credit life and disability policy to the insured, the public policy expressed is equally applicable to automobile insurance policies. Like credit life and disability insurance, automobile insurance is generally sold through adhesion contracts that are not negotiated at arm's length. Purchasers commonly rely on the assumption that they are fully covered by the insurance that they buy. Because of this, public policy requires that persons purchasing such policies are entitled to be informed, in writing, of the essential terms of insurance contracts, especially exclusionary terms. *Martinez*, 668 P.2d at 501.

"We therefore hold that where the insurer fails to disclose material exclusions in an automobile insurance policy and the purchaser is not informed of them in writing, those exclusions are invalid." *Farmers Insurance Exchange v. Call*, *supra*, 712 P.2d at 236–237.

The Court of Appeals of Michigan, in *Gardner v. League Life Insurance Co.*, *supra*, 210 N.W.2d at 898, stated that basic fairness requires that notice of insurance coverage be given to the benefactor of such insurance:

"The equity conscience of this Court, having been aroused, finds that it is beyond question that the borrower subjected to eligibility requirements be given notice thereof. The fact that the present insurance scheme, with premiums being paid by the credit union, places each member borrower in the status of a third-party beneficiary and that each borrower under the group policy has no individual identity cannot change this basic tenet of fairness.

\* \* \* \* \* \*

"The injustice of informing a disabled borrower at the time the claim is filed that he has no insurance protection is obvious and the need for notice is beyond peradventure."

At the time of Janice Kippen's accident in 1984, Section 26–02–13, N.D.C.C.,[1] required disclosure of material facts between parties to an insurance contract:

"*26–02–13. Mutual disclosures required in insurance contract.*—Each party to a contract of insurance must communicate to the other in good faith all facts within his knowledge which are or which he believes to be material to the contract and which the other has not the means of ascertaining and as to which he makes no warranty."

Requiring an insurer to provide notice of coverage and relevant provisions to a named insured is a logical extension of the policy enunciated in the statute.

Farm Bureau Mutual, in urging this court to deny underinsurance benefits, relies upon *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983), and *Klang v. American Family Insurance Group*, 398 N.W.2d 49 (Minn.Ct.App.1986). In *Schmidt* and *Klang* it was recognized that an underinsurer is entitled to notice of a tentative settlement and must be given an opportunity to protect its subrogation rights by paying underinsurance benefits before a release is executed in favor of the third-party tortfeasor. Those cases, however, are clearly distinguishable from this case. In *Schmidt* and *Klang* the insureds were aware of the underinsurance coverage. The courts in those cases did not purport to require notice of settlement to an underinsurer if the insured was unaware of the existence of coverage.

A Minnesota case more closely analogous to this case is *Siebels v. American Family Mutual Insurance Co.*, 374 N.W.2d 220 (Minn.Ct.App.1985). Siebels, the insured, was injured in an automobile accident and settled with the third-party tortfeasor for the available policy limits. Siebels then sued his insurer, alleging that it had failed to offer underinsured motorist coverage as required by Minnesota law. The insurer admitted that it had failed to offer coverage and that the contract should be reformed to include underinsured motorist coverage. The insurer argued, however,

---

**1.** Section 26–02–13 has been repealed and re-enacted, with minor changes, as Section 26.1–29– 13, N.D.C.C.

that Siebels's failure to give notice of the settlement with the tortfeasor destroyed the insurer's subrogation rights and therefore barred Siebels's claim for underinsurance benefits under *Schmidt v. Clothier, supra.* The court held that, because there was "no certitude at the time of settlement" that underinsurance coverage existed, Siebels's failure to notify the insurer of the impending settlement did not preclude him from recovering underinsurance benefits. *Siebels v. American Family Mutual Insurance Co., supra,* 374 N.W.2d at 222. Clearly, the basis of the court's holding was that an insured cannot give notice of settlement if he is unaware of the existence of underinsurance coverage. *Siebels* has been followed in *Johnson v. American Family Mutual Insurance Co.,* 413 N.W. 2d 172, 177 (Minn.Ct.App.1987) (review granted Nov. 18, 1987), where the court stated that "American Family cannot now benefit from its failure to make the required offer of underinsurance by asserting lack of notice as a defense."

Under the undisputed facts presented in this case, we conclude that the Kippens are not precluded from recovering underinsurance benefits because of their failure to notify Farm Bureau Mutual of settlement. The declarations sheet, which the Kippens never received, lists the named insured as:

"Carlyle Kippen &

"Farm Bureau Life Ins Co.

"1909 14th St S

"Fargo North Dakota 58102"

The address listed is the Kippens' home address. Farm Bureau Mutual was aware that this was a company car provided to Carlyle Kippen for daily use, but it concedes that it never sent the Kippens a copy of the policy or other documentation. Furthermore, there was no showing on the cross-motions for summary judgment that any documentation was ever sent to North Dakota Farm Bureau, Carlyle Kippen's employer and lessee of the vehicle. The record shows only that some paperwork was exchanged between Farm Bureau Mutual and Farm Bureau Life, the vehicle's lessor, which are both housed in the same building in Des Moines, Iowa. Many of the documents regarding this policy, produced at depositions from Farm Bureau Mutual's file, include a notation prominently stamped in large capital letters: "MAIL NOTHING OUT ON THIS FILE."

We also note that the Kippens have been denied coverage not because of an exclusion in the policy, but rather for their failure to comply with what is, in effect, a *notice* provision. We have previously stated, in discussing notice of claim provisions, that "[t]here is substantial authority in support of the proposition that a beneficiary's ignorance of the existence of an insurance policy, which is not due to his own negligence or fault, excuses his failure to provide notice of claim to the insurer within the time period set by the policy." *Finstad v. Steiger Tractor, Inc.,* 301 N.W. 2d 392, 395 (N.D.1981). Farm Bureau Mutual fails to advise us how the Kippens were to give notice and obtain consent to settle their claim against Buringrud when Farm Bureau Mutual never saw fit to inform the Kippens that underinsured motorist coverage was provided. We conclude that, under the undisputed facts of this case, it would be unconscionable to allow Farm Bureau Mutual to avoid coverage because of the Kippens' failure to give notice to, and obtain consent of, an unknown insurer.

Farm Bureau Mutual asserts that the Kippens should have been aware of their coverage, or had a duty to determine the extent of their coverage, because all drivers of vehicles in this State are required to have liability insurance. See § 39–08–20, N.D.C.C. Although that provision might have put the Kippens on notice that liability insurance was required on the vehicle, it would not have put them on notice of underinsurance coverage. Underinsured motorist coverage was not required in North Dakota in 1984. See § 26.1–40–14, N.D.C. C. (underinsured motorist coverage now mandatory). Furthermore, even if a statute is sufficient to place the insured on notice of the existence of coverage, that does not alleviate the insurer's primary duty to provide a copy of the policy or other documentation of the terms of coverage.

Farm Bureau Mutual also argues that the Kippens' failure to comply with the policy provision requiring that the company be given prompt notice of their claim precludes recovery of underinsurance benefits. The trial court concluded that the Kippens complied with the notice of claim provision by giving notice as soon as reasonably possible, upon their discovery of the existence of coverage, in accordance with the policy provision and our holding in *Finstad v. Steiger Tractor, Inc., supra,* 301 N.W.2d at 394–395. We find no error in the trial court's disposition of this issue.

Our holding in this case is entirely consistent with the trial court's disposition of the notice-of-claim issue. The trial court concluded that "[i]t was not reasonably possible for Plaintiffs to give notice before they were aware of the coverage." Similarly, it was not reasonably possible for the Kippens to give notice of their intent to settle with Buringrud, and obtain Farm Bureau Mutual's consent, before they were aware of the existence of the underinsured motorist coverage.

We conclude that the trial court erred in determining that the Kippens' release of Buringrud precludes recovery of underinsurance benefits. Under the undisputed facts presented in this case, Farm Bureau Mutual's conceded failure to provide notice of coverage to the Kippens precludes reliance upon the "consent to settle" defense in the policy. We reverse the summary judgment dismissing the Kippens' claims and remand for further proceedings not inconsistent with this opinion.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.