Doris COURCHENE, Individually, and as Personal Representative of the Estate of ValJean Courchene, Deceased, and Kim Courchene, Plaintiffs and Appellants,

v.

DELANEY DISTRIBUTORS, INC., a North Dakota Corporation, and Mitchel Larson d/b/a Larson Welding, Defendants and Appellees.

Civ. No. 870232.

Supreme Court of North Dakota.

March 29, 1988.

Edward J. Bosch, Minot, for plaintiffs and appellants.

Rolfstad, Winkjer, McKennett and Stenehjem, PC, Williston, for defendants and appellees; argued by Mark L. Stenehjem.

ERICKSTAD, Chief Justice.

We remanded this case, 418 N.W.2d 781 (N.D.1988), to the district court for a certification, pursuant to Rule 54(b), N.D.R. Civ.P., that no just reason existed for delaying entry of judgment against Doris and Kim Courchene on their complaint against defendants Delaney Distributors, Inc. (Delaney) and Mitchel Larson, doing business as Larson Welding. As the district court has now executed such an order, we now consider the merits of the Courchenes' appeal without regard to Larson's cross-claim against Delaney. The district court had previously dismissed the Courchenes' complaint, which sought damages for the death of ValJean Courchene and the injuries to Kim Courchene.[1] The district court con-

---

1. The district court awarded money judgment for the wages of ValJean and Kim. Doris Courchene, as personal representative of ValJean's estate received $220 for wages, and Kim received a money judgment of $160 for wages.

cluded the Courchenes should "look solely to the North Dakota Workmen's Compensation Act." We affirm the judgment.

On April 18, 1985, a fire erupted in a warehouse building owned by Delaney at a time when a room in the basement of the warehouse was being remodeled. Delaney, a wholesale beer distributor, hired Mitchel Larson to cut several fuel tanks into scrap metal as part of the remodeling project.

Dirk Haugen was employed by Delaney to maintain the warehouse which included loading and unloading trucks and keeping the warehouse clean. Although Haugen allegedly had no authority to hire employees on behalf of Delaney, the district court found Haugen did in fact hire ValJean and Kim Courchene, on behalf of Delaney, to help Larson remove debris and scrap metal from the warehouse. For several days before the fire, Larson cut the fuel tanks into scrap metal and the Courchene brothers hauled the scrap metal away. Larson and the Courchene brothers were working in the basement of the warehouse when the fire broke out upstairs. Dirk Haugen and ValJean Courchene died as a result of the fire; Kim Courchene was hospitalized after the fire and released from the hospital the next day.

Kim Courchene and his mother, Doris Courchene, acting as a party and the personal representative of the estate of ValJean, brought suit against Delaney and Larson. The complaint alleged that the defendants failed to comply with Chapters 65–01 and 65–04, N.D.C.C., relating to workers compensation law and that their failure to comply rendered them liable for the damages sustained by plaintiffs pursuant to section 65–09–01, N.D.C.C.

The district court dismissed the Courchenes' complaint, ruling that ValJean and Kim were employees of Delaney for purposes of workers compensation and that Delaney complied with the relevant provisions of Title 65, N.D.C.C. The trial court further concluded that "[d]efendants Dela-

ney and Larson are the prevailing parties and, as such, are entitled to statutory costs."

We believe three issues are dispositive of this appeal:

I. Were Kim and ValJean Courchene "employees" as the term is defined in section 65–01–02(9), N.D.C.C., for purposes of compensation for work-related injuries?

II. Was Delaney in compliance with the relevant sections of Title 65, N.D.C.C., and therefore relieved of civil liability for the injuries and death in this case?

III. Did the district court improperly award costs and disbursements to Delaney?

## I.

■ The Courchenes contend they are entitled to maintain a civil suit for damages against Delaney because ValJean and Kim were not "employees" within the meaning of section 65–01–02(9)(b), N.D.C.C. Subsection (9)(a) describes what the term "employee" includes and subsection (9)(b) describes what it does not include. Subsection (9)(b) reads:

"b. Such term does not include:

(1) Any person whose employment *is both casual and not in the course of the trade, business, profession, or occupation of his employer.*

(2) Any person who is engaged in an illegal enterprise or occupation.

(3) The spouse or child of the employer dwelling in the household of the employer." [2] [Emphasis added.]

The conjunctive wording of subsection 9(b)(1) requires both elements to be met before a person may be excluded from the term "employee." The trial court found that Kim and ValJean Courchene were casual employees but that the work they performed was in the course of Delaney's business. Thus, the court concluded the Courchene brothers were employees of Delaney. We affirm the trial court's conclu-

2. The introductory part of section 65–01–02(9), N.D.C.C., reads:

"9. 'Employee' means every person engaged in a hazardous employment under any ap-

pointment, contract of hire, or apprenticeship, express or implied, oral or written...."

sion that Kim and ValJean Courchene were "employees" for purposes of workers compensation.

During the fire, the Courchene brothers were remodeling and doing general maintenance work on Delaney's warehouse. While remodeling and maintenance are not central to Delaney's enterprise as a beer distributor, we believe the trial court was correct in concluding the Courchene brothers' labor was within the "course of the trade" of Delaney's business. § 65–01–02(9)(b)(1), N.D.C.C.

This conclusion is supported by North Dakota case law and the majority rule relating to the question of whether or not building maintenance and remodeling work are within the "course of the trade, business, profession, or occupation" of the business which occupies the building.

Larson's treatise on workmen's compensation law summarizes cases dealing with this issue as follows:

> "Behind all these decisions lies one simple thought: maintenance, repair, painting, cleaning, and the like are 'in the course' of business because the business could not be carried on without them, and because they are an expectable, routine, and inherent part of carrying on any enterprise. One cannot carry on a store business with the roof leaking and spoiling the goods on the counter.... On this general reasoning, then, the great majority of decisions have denied exemption under either type of statute for painting, window washing, repair work, maintenance, remodeling, incidental construction, clearing of land, and even moving a plant." [Footnotes omitted.] 1C A. Larson, The Law of Workmen's Compensation § 51.23. (1986).

In *Gotchy v. North Dakota Workmen's Compensation Bureau*, 49 N.D. 915, 194 N.W. 663 (1923), we ruled that a carpenter who "intermittent[ly]" performed repair work at a grain elevator was an employee of the elevator for purposes of workers compensation. The carpenter was employed by the elevator to construct an additional leg for handling grain. *Gotchy* 194 N.W. at 664. We found that the carpenter

was "performing work necessary in the conduct of the business of the [elevator]." *Gotchy* 194 N.W. at 668. Other jurisdictions have ruled that remodeling jobs and incidental construction are within the usual course of business. *See Flamingo Motor Inn v. Industrial Commission of Arizona*, 133 Ariz. 200, 650 P.2d 502 (App.1982) (temporary worker who injured back while moving a heavy Chinese wok stove in conjunction with a remodeling project was "employee" engaged in "usual course of trade, business or occupation of the employer"). *See also, J.P.O. Sandwich Shop, Inc. v. Papadopoulos*, 105 Ind.App. 165, 13 N.E. 2d 869 (1938) (construction of additional booths in a restaurant); *Colosimo v. Giacomo*, 199 Minn. 600, 273 N.W. 632 (1937) (remodeling of dilapidated building for use as a beer parlor). In accord with the cases cited above, we hold that the Courchene brothers' manual labor in remodeling Delaney's warehouse was employment in "the course of the trade, business, profession, or occupation...." of Delaney.

## II.

Relying upon three statutes, the Courchenes also assert Delaney should be civilly liable because it failed to comply with certain provisions of Title 65 of the North Dakota Century Code. First, the Courchenes contend Delaney failed to comply with section 65–01–05, N.D.C.C., which provides:

> "*65–01–05. Employment of those unprotected by insurance unlawful—Effect of failure to secure compensation—Penalty—Injunction.* It shall be unlawful for any employer to employ anyone, or to receive the fruits of the labor of any person, in a hazardous employment as defined in this title, *without first making application for workmen's compensation insurance coverage for the protection of such employees by notice to the bureau of the intended employment, the nature thereof, and the estimated payroll expenditure for the coming twelve-month period.* Failure to secure workmen's compensation coverage for employees by application for

workmen's compensation insurance shall constitute a class A misdemeanor. Where the employer is a corporation, the president, secretary, treasurer, or person with primary responsibility shall be liable for the failure to secure workmen's compensation coverage under this section. In addition to the penalties prescribed above the bureau may, by injunction proceedings as provided for in this title, enjoin any employer from unlawfully employing uninsured workers." [Emphasis added.]

The Courchenes contend Delaney failed to timely notify the Bureau under this section and that violation of this section "go[es] to the heart" of section 65-04-12, N.D.C.C., which provides:

*"65-04-12. Penalties for failure to obtain coverage or to make payroll reports—How collected—Disposition.* Any employer knowing himself to be subject to the operation of the provisions of this title who shall fail to report himself to the bureau as such shall be liable to a penalty to be fixed by the bureau in an amount not exceeding one and one-half times the premium which would have been paid on payroll expenditures during the periods not reported. Any employer who shall fail or refuse to furnish to the bureau the annual payroll report and estimate, or who shall fail or refuse to furnish such other information as may be required by the bureau under authority of this chapter shall be subject to a penalty to be fixed by order of the bureau in an amount not exceeding five hundred dollars. Such penalties shall be collected in a civil action brought against the defaulting employer in the name of the state. Any such penalty, when collected shall be paid into the fund and shall become a part thereof."

The Courchenes apparently contend Delaney's alleged violation of section 65-01-05, N.D.C.C., is a violation of section 65-04-12, N.D.C.C. The Courchenes then refer us to section 65-09-01, N.D.C.C., which provides in part:

*"65-09-01. Liability of uninsured employer for injury to employees— Common-law defenses not available.* Any employer subject to the provisions of this title who fails to comply with the provisions *of chapter 65-04,* shall be liable to his employees for damages suffered by reason of injuries sustained in the course of employment, and also shall be liable to the personal representatives of such employees where death results from such injuries." [Emphasis added.]

In sum, the Courchenes' argument is as follows: Delaney should have notified the Bureau of its intention to employ Kim and ValJean Courchene before it accepted the fruits of their labor. Failure to notify the Bureau violates section 65-01-05, N.D.C.C., which is also a violation of section 65-04-12, N.D.C.C. Employers are directly liable to their employees for any violation of Chapter 65-04, N.D.C.C., pursuant to section 65-09-01, N.D.C.C.

We understand the Courchenes' argument but we are not persuaded it has merit. The Courchenes' argument reads a remedy into section 65-01-05, N.D.C.C., that is not there. That section provides for a class A misdemeanor for noncomplying employers and an injunctive remedy for the Bureau. Section 65-01-05 does not refer to employees.

The Courchenes rely on Chapter 65-09, N.D.C.C., relating to an injured employee's claim against an uninsured employer, and our decision in *Shaughnessy v. Bohnet,* 303 N.W.2d 337 (N.D.1981), to formulate the remedy they desire. Chapter 65-09, N.D.C.C., allows injured employees to seek civil relief against employers who are uninsured pursuant to Chapter 65-04, N.D.C.C. In *Shaughnessy,* we ruled that an injured employee could maintain a civil action against her employer when the employer was not insured under Chapter 65-04, N.D.C.C., and the injured employee had not received any benefits from the Bureau. It appears from the record that Delaney paid its premium for the period during which Kim and ValJean Courchene were injured.[3]

**3.** A certificate issued by the Bureau to Delaney states in part:

Under the circumstances of this case, we cannot conclude that insured employers are subject to civil suit by injured employees for an alleged violation of section 65–01–05, N.D.C.C.[4]

### III.

Finally, the Courchenes argue the trial court improperly assessed $533.65 to Delaney for costs and disbursements. The Courchenes argue they are the prevailing parties and as such are entitled to costs.

The clerk of court awarded Delaney $1,333.65 in costs and disbursements. The Courchenes objected to the award by written motion. The trial court subsequently reduced the amount to $533.65 by ruling that Delaney was not entitled to $800.00 for attorney's fees in taking four depositions. We affirm the trial court's reduction of costs and disbursements.

■ Costs and disbursements in this case are controlled by sections 28–26–10, N.D.C.C.,[5] and 28–26–06, N.D.C.C.[6] Costs pursuant to section 28–26–10, N.D.C.C., are within the trial court's discretion and will not be disturbed unless the aggrieved party affirmatively establishes an abuse of discretion. *Andrews v. O'Hearn*, 387 N.W.2d 716, 733 (N.D.1986). Having affirmed the trial court's dismissal of the Courchenes' complaint for damages for ValJean's death and Kim's injuries, we cannot say the trial court abused its discretion in granting costs to Delaney notwithstanding that it also awarded judgment for wages to the Courchenes.

■ We also explained in *Richter v. Jones*, 378 N.W.2d 209 (N.D.1985), that the allowance of disbursements under statute lies within the discretion of the trial court. We have ruled that the necessary expenses of taking depositions, pursuant to section 28–26–06(2) is within the trial court's discretion. *Keller v. Vermeer Manufacturing Co.*, 360 N.W.2d 502, 508 (N.D.1984). *See also, Schwartz v. Ghaly*, 318 N.W.2d 294, 302 (N.D.1982). We are not convinced that the trial court's award of disbursements in the amount of $533.65, $387.50 of which represents court reporter's fees for four depositions, is an abuse of discretion.

Affirmed.

GIERKE and VANDE WALLE, JJ., concur.

LEVINE, Justice, dissenting.

I dissent from that part of the opinion which affirms the award of costs to Delaney. NDCC § 28–26–06 directs the clerk to tax necessary disbursements in favor of the prevailing party. In this case there was no single "prevailing party" against whom the clerk could tax disbursements. Delaney prevailed on Courchene's claim for damages, and Courchene prevailed on his

---

"THIS IS TO CERTIFY THAT THE ABOVE EMPLOYER HAS PAID INTO THE WORKMEN'S COMPENSATION FUND, THE PREMIUM DUE ACCORDING TO LAW AND RULES OF THIS BUREAU, AND HIS EMPLOYEES ARE ENTITLED TO THE RIGHTS AND BENEFITS OF THE WORKMEN'S COMPENSATION FUND FOR A PERIOD OF TWELVE MONTHS BEGINNING 11–01–84 FOR THE EMPLOYMENTS LISTED."

The "employments listed" on the certificate include: "BEER, LIQUOR, BEVERAGE DISTRIBUTING[,] CLERICAL OFFICE EMPLOYEES ONLY[,] EMPLOYER."

4. We do not decide whether or not Delaney violated § 65–01–05, N.D.C.C., by failing to send notice to the Bureau before "receiv[ing] the fruits of the labor" of Kim and ValJean Courchene.

5. Section 28–26–10, N.D.C.C., reads:
"*28–26–10. Costs in discretion of court.*— In actions other than those specified in sections 28–26–07, 28–26–08, and 28–26–09, costs may be allowed for or against either party in the discretion of the court. In all actions, when there are several defendants not united in interest and making separate defenses by separate answers and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor."

6. Section 28–26–06(4), N.D.C.C., reads:
"*28–26–06. Disbursements taxed in judgment.* In all actions and special proceedings, the clerk must tax as a part of the judgment in favor of the prevailing party his necessary disbursements as follows:

\* \* \* \* \* \*

4. The legal fees of the court reporter for a transcript of the testimony when such transcript is used on motion for a new trial or in preparing a statement of the case; ...."

claim for wages. *See Liebelt v. Saby,* 279 N.W.2d 881, 888 (N.D.1979). Thus, costs may not be mandatorily taxed in this case.

Section 28–26–10, NDCC, gives a court discretion to allow costs for or against either party. An abuse of discretion is defined as an unreasonble, arbitrary, or unconscionable attitude on the part of the trial court. *Moser v. Wilhelm,* 300 N.W.2d 840, 847 (N.D.1981). It is unconscionable and contrary to sound public policy to tax disbursements against an employee who was forced to litigate the fact of his employment in order to obtain his just wages.

I would reverse the award of costs to Delaney.

MESCHKE, J., concurs.